UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACK C. CHILINGIRIAN,

    Petitioner,

vs.

DAVID L. WINN, Warden
Federal Medical Center, Devens

    Respondent.

DOCKET NO. 05-10005 RCL

**PETITION FOR WRIT OF HABEAS COPRUS PURSUANT TO 28 USC § 2241 & §2243**

NOW COMES the above named Petitioner, **JACK C. CHILINGIRIAN**, pro se and hereby files the above recited Petition for Writ of Habeas Corpus pursuant to 28 USC §2241 and in support states as follows:

### PRELIMINARY STATEMENT

1. The Petitioner, **JACK C. CHILINGIRIAN** is a federal prisoner presently incarcerated at the Federal Medical Center, camp Devens in Ayer, massachusetts, whose statutory and due process rights are being violated by the Bureau of Prisons' misinterpretation of 18 USC §3624(b), which deprives him of eligibility for 54 (fifty-four) days of good time credit for each year of his term of imprisonment to which he is statutorily entitled.

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 USC §2241 because the Petitioner's term in federal custody is being determined in violation of the Constitution and the laws of the United States.

-1-

3. The Petitioner invokes the jurisdiction of this Court pursuant to 28 USC §1331 in that the above recited action arises out of the Constitution and the laws of the United States and seeks correction action by officers and employees of the United States in their official capacity.

4. The Petitioner also invokes the jurisdiction of this Court pursuant to 28 USC §1343(4) in that the Petitioner seeks to redress deprivation of rights guaranteed by both the Constitution and federal statutes.

**PARTES**

5. The Petitioner is presently confined at the Federal Medical Center, Camp Devens in Ayer, Massachusetts pursuant to a Judgment of Conviction entered in the United States District Court for the Eastern District of Michigan, Southern Division.

6. The Respondent is the warden of the Federal Medical Center, Camp Devens and, through the Bureau of Prisons, an agency of the United States Department of Justice, is responsible for the Petitioner's care and custody and the calculation of his term of confinement.

**VENUE**

7. The venue of this action is appropriate in that the Petitioner is housed in a federal facility which is within the geographical boundaries of the District of Massachusetts.

## STATEMENT OF FACTS

8. On October 18, 1999, the Hon. John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, Southern Division sentenced the Petitioner to a term of imprisonment of 37 months upon his conviction for Cosnpiracy to Launder Money Instruments, in United States v. Chilingirian Case No. 96-80670.

9. Subsequently, after remand from the Sixth Circuit Court of Appeals, the Petitioner's sentence was increased to 87 months imprisonment.

10. Mr. Chilingirian has been in custody in connection with this offense since January 17, 2000.

11. 18 USC §3624(b) provides that "a prisoner who is serving a term of imprisonment of more than 1 year...may receive credit toward the service of the prisoner's sentence...of up to 54 days at the end of each year of the prisoners term of imprisonment."

12. Under Bureau of Prison's (BOP) policy, the maximum allowable good time credit that can be awarded to a prisoner sentenced to 87 months is approximately __341__ days because the BOP bases its calculations on the actual time in prison rather than the sentence imposed as set out in Program Statement 5880.28 (June 20, 1997).

13. The BOP has calculated Mr. Chilingirian's sentence according to Program Statement 5880.28 to reflect a potential award of __341__ days of good time credit, and projected his release date as __MAY 9, 2006__, excluding any award of half-way house.

14.   Were Mr. Chilingirian to be granted relief he would be entitled to earn 391 days of good time credit as provided for in 18 USC §3624(b), rather than the 341 days provided for under BOP policy.

### STATEMENT OF LAW

15.   Mr. Chilingirian having been sentenced to a term of imprisonment of 87 months, is entitled under 18 USC §3624(b) to earn 391 days of good time credit.

16.   Mr. Chilingirian is statutorily entitled to earn 54 days of good time credit for each year of his term of imprisonment because the plain language of the statute provides that "a prisoner who is serving a term of imprisonment of more than 1 year...may receive credit toward the service of the prisoner's sentence...of up to 54 days at the end of each year of the prisoners term of imprisonment." 18 USC §3624(b).

17.   The BOP's interpretation is contrary to the unambiguous intent of Congress that prisoner's are eligible to earn 54 days for each year of the term of imprisonment. **Cevron U.S.A. v. Natural Resources Defense Council**, 467 US 837, 842-43 (1984). **United States v. LaBonte**, 520 US 751, 762 fn. 6 (1997).

18.   Even if the statute were ambiguous, the BOP's interpretation is not entitled to deference because the rule of lenity must be used in construing an ambiguous penal statute. **Bifulco v. United States**, 447 US 381, 387 (1980).

19.   The conduct of the respondent and his agents in promulgating a policy denying Mr. Chilingirian eligibility to earn the statutory

-4-

maximum credit of __391__ days--and barring good time of no more than __341__ days deprives him of rights conferred by 18 USC §3624(b), as well as the Equal Protection and Due Process Clauses of the United States Constitution.

20. That Exhaustion of Administrative Remedies is not a bar to consideration on the merits of Mr. Chilingirian's claims because he is challenging the duration and not the conditions of his confinement, and therefore exhaustion of administrative remedies is not jurisdictional.

21. Further, because Mr. Chilingirian challenges the validity of the BOP's interpretation of §3624(b), exhaustion of administrative remedies is futile.

22. Finally, in support of the allegations of futility, the Petitioner avers that the Respondent Warden has previously denied Administrative Remedy Requests, followed be denials at the Regional and National Levels of the BOP, by inmates housed at Camp Devens, who have sought similar relief requested by the Petitioner herein.

23. Without conceding futility, the Petitioner has commenced his individual administrative remedy request and anticipates a denial of the good time credits being calculated in his favor and therefore asks this Court to forego the requirement to complete that process prior to the commencement of this action and prior to a determination on the merits of the claims asserted in the instant Petition.

24. Based upon the above authority, Petitioner respectfully requests that the District Court Judge follow the plain language, spirit, and dictates of the Constitution, and properly determine the merits of the instant Petition for Habeas relief, as articulated by the clear language of 28 USC §2241 and 28 USC §2243.

### SERVICE OF PROCESS

25. Petitioner, JACK C. CHILINGIRIAN, respectfully requests the Court to enter an Order allowing the Petitioner to be permitted to use a third party to serve this Petition upon the Respondent Warden, David L. Winn, the U.S. Attorney for the District of Massachusetts located in Boston, Massachusetts, and upon the Office of the Attorney general of the United States in Washington, D.C., by Certified Mail, Return Receipt Requested, upon each party as allowed for by Federal Rule of Civil Procedure 4.

26. That the use of the U.S. Marshalls Service to effect service of process will unduly delay the proceedings, and will be costly to the Petitioner.

27. The Certified Mailings as required by FRCP 4 can be accomplished by the Petitioner and can be verified by the submission and filing of the fully executed green cards with the Court.

28. That no prejudice will result if this procedure is utilized and permitted by the Court so that immediate disposition can be made of this request for habeas relief.

### CONCLUSION

The Petitioner has presented a viable §2241 Petition based on a valid interpretation of the statute dealing with "good time credits" as well as protected by the U.S. Constitution.

## RELIEF REQUESTED

Wherefore, Petitioner, **JACK C. CHILINGIRIAN** prays for the relief sought in this Petition brought pursuant to 28 USC §2241 and §2243, to wit: the granting of a Writ of Habeas Corpus directing that the Respondent Warde, **DAVID L. WINN** be required to re-calculate his good time credits and that he be awarded **391** days of good time credits as opposed to **341** days presently awarded, further that this Court grant an immediate hearing on this request for a Writ of Habeas Corpus pursuant to §2243, that he be permitted to respond to any submission filed by the Respondent, and that the Court grant any other further relief which it may determine to be necessary and proper under the circumstances.

DATED:   DECEMBER 29, 2004                    RESPECTFULLY SUBMITTED,

                                              _____
                                              JACK C. CHILINGIRIAN, Pro Se
                                              22512-039 UNIT I (CAMP)
                                              FEDERAL MEDICAL CENTER, DEVENS
                                              P.O. BOX 879
                                              AYER, MA. 01432

## VERIFICATION

I, JACK C. CHILINGIRIAN, do aver that all of the facts and circumstances as stated by me herein, are based upon information and belief and are true and correct to the best of my knowledge.

DATED:   DECEMBER 29, 2004                    _____
                                              JACK C. CHILINGIRIAN
                                              PETITIONER, PRO SE

-7-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ATTACHMENT 3

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   JACK C. CHILINGIRIAN v. DAVID L. WINN, Warden Federal Medical Center Devens

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   XXX  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   NOT APPLICABLE

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                    YES ☐    NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                    YES ☐    NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                    YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                    YES ☒    NO ☐

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
Petitioner's NAME    JACK C. CHILINGIRIAN  22512-039  UNIT I (CAMP)
ADDRESS              FEDERAL MEDICAL CENTER DEVENS  P.O. BOX 879
TELEPHONE NO.        AYER, MA. 01432

(Att3Cover sheet local.wpd - 11/27/00)

(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JACK C. CHILINGIRIAN
22512-039 UNIT I (CAMP)
FEDERAL MEDICAL CENTER DEVENS
P.O. BOX 879   AYER, MA. 01432

DEFENDANTS DAVID L. WINN
WARDEN, FEDERAL MEDICAL CENTER, DEVENS
P.O. BOX 880
AYER, MA. 01432

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **BARNSTABLE**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **WORCESTER**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
NOT APPLICABLE
PETITIONER PROCEEDING PRO SE

ATTORNEYS (IF KNOWN)
MICHAEL SULLIVAN
U.S. ATTORNEY
1 COURTHOUSE WAY SUITE 9200
BOSTON, MA. 02210

05-10005-RCL

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☒ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| | / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This action is a request for a writ of habeas corpus regarding Plaintiff rights under 18 USC §3624(b) regarding calculation of good time credits which are being denied to him by the Bureau of Prisons.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ NOT APPLICABLE
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
NOT APPLICABLE
JUDGE _____ DOCKET NUMBER _____

DATE: December 29, 2004

SIGNATURE OF ATTORNEY OF RECORD
*Jack C. Chilingirian* PETITIONER PRO SE

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____