UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACK C. CHILINGIRIAN,
    Petitioner

vs.

DAVID L. WINN, Warden
Federal Medical Center, Devens

    Respondent.
_____/

CIVIL DOCKET NO. 05-10005-RCL

HON. REGINALD C. LINDSAY, USDJ

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALLOW PETITIONER TO EFFECT
SERVICE OF PROCESS PURSUANT TO FRCP 4**

**FACTS**

The Petitioner commenced the instant action pursuant to 28 USC §2241 and §2243 seeking relief under 18 USC §3624(b) with respect to the BOP's calculation of his good time credits. The Petition for Writ of Habeas Corpus asks for this Court to determine that as a matter of law that he is entitled to an additional 50 days good time credits which has been denied to him by the Respondent Warden.

The Petitioner asks that he be permitted to effectuate service of process pursuant to FRCP 4(i)(1) and serve the Petition promptly to avoid delay in the processing of the instant action. Based upon the legal authority presented herein the Court should enter an Order allowing the Motion that accompanies this Memorandum.

**LEGAL AUTHORITY**

The Plain language of Federal Rule of Civil Procedure 4(i) requires that, in order to properly serve the United States or its agencies, corporations, or

-1-

-2-

officers, a plaintiff must deliver a copy of the summons and complaint to the U.S. Attorney's Office for the district in which the action is brought, as well as to the Attorney General of the United States. **McMasters v. United States,** 260 F3d 814, 817 (7th Cir. 2001).

Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of FRCP 4. The requirement of the rule mandates that the pleadings be served by certified mail/return receipt requested.

The Petitioner is prepared to accomplish this requirement promptly in the event that the Court grants the accompanying Motion. The reason for this request is based upon the delay in processing service upon the Respondent, upon the U.S. Attorney and upon the Attorney General. There would be no prejudice to the Respondent if the Court authorizes the Petitioner to effect service as required by FRCP 4 by allowing a third party to serve the copy of the initial pleadings by certified mail/return receipt requested as permitted by FRCP 4(i)(1). Since personal service is not required, the request by the Petitioner is eminently reasonable. See **Armstrong v. Sears,** 33 F3d 182, 187 (2d Cir. 1994).

Based upon the authority and the content of FRCP 4(i)(1) the Motion seeking authorization to effect service upon the Respondent pursuant to the terms and conditions mandated by that rule is appropriate under the circumstances and should be granted.

DATED:   JANUARY 11, 2005                 RESPECTFULLY SUBMITTED,

*[signature]*
JACK C. CHILINGIRIAN
22512-039 UNIT I (CAMP)
FEDERAL MEDICAL CENTER DEVENS
P.O. BOX 879
AYER, MA. 01432