UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 16  P 3: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

JACK C. CHILINGIRIAN,

    Petitioner,

vs.    CIVIL DOCKET NO. 05-10005-RCL

DAVID L. WINN, Warden    HON. REGINALD C. LINDSAY, USDJ
FEDERAL MEDICAL CENTER DEVENS,

    Respondent.

_____/

**BRIEF IN SUPPORT OF MOTION TO DIRECT CLERK OF THE COURT
TO COMPLY WITH ORDER DIRECTING SERVICE OF PROCESS**

NOW COMES the above named Petitioner, **JACK C. CHILINGIRIAN,** Pro Se, and hereby submits his Brief in Support of the Motion to Direct Clerk of the Court to Comply With Order Directing Service of Process and in support states as follows:

**FACTS**

The relevant facts pertaining to the request for relief are recited in the accompanying Motion. Based on the legal arguments and case authority presented, Petitioner contends that the Motion should be granted.

**LEGAL ARGUMENT**

On January 3, 2005, the Petitioner commenced the above entitled action for a Writ of Habeas Corpus pursuant to 28 USC §2241 & §2243, seeking a determination that the Respondent Warden calculate his "good-time" credits properly under 18 USC §3624(b).

28 USC §2241 authorizes the issuance of writs of habeas corpus states in relevant part:

> "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions...The writ of habeas corpus shall not extend to a prisoner unless...(3) He is in custody in violation of the Constitution or laws or treaties of the United States."

-1-

28 USC §2243 states in relevant part:

> "A court, justice or judge entertaining an application for a writ of habeas corpus **shall** forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted...The writ or order to show cause **shall** be directed to the person having custody of the person detained. It **shall** be returned within **three** days unless for good cause additional time, not exceeding **twenty** days is allowed...The court **shall** summarily hear and determine the facts, and dispose of the matter as law and justice require." (EMPHASIS ADDED).

On January 5, 2005, this Court entered an order directing the Clerk of the Court to serve a copy of the original Petition upon the office of the U.S. Attorney, the Attorney General of the United States and upon the office of Immigration and Naturalization. (**EXHIBIT "A" ATTACHED** to Motion).

The Court in that same Order directed that after such service, the Respondent to file an Answer or other responsive pleading within 60 days of receipt of the Order.[1] If the Court's intention was to allow the Respondent 60 days to file responsive pleadings, that authority comes from FRCP 12(a)(3)(A) which states:

> "unless a different time is prescribed in a statute of the United States, a defendant [respondent] shall serve an answer...(3)(A) [if] The United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity, shall serve an answer to the complaint or cross-claim-or a reply to a counterclaim-with 60 days after the United States Attorney is served with the pleading asserting the claim."

---

(1) As evidenced by the text of the Docket Entry from the Clerk's Office a copy of which is attached as **EXHIBIT "1"** the answer was to be filed within 20 days of the receipt of the Order. It appears that the Order is not consistent with the requirements of 28 USC §2243 and further prejudices the mandate that the cases involving the issuance of a writ of habeas corpus be disposed of summarily.

HABEAS

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:05-cv-10005-RCL

Chilingirian v. Winn  
Assigned to: Judge Reginald C. Lindsay  
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 01/03/2005  
Jury Demand: None  
Nature of Suit: 530 Habeas Corpus (General)  
Jurisdiction: Federal Question

**Petitioner**

**Jack C. Chilingirian**            represented by  **Jack C. Chilingirian**  
PRO SE

V.

**Respondent**

**Warden David L. Winn**  
*Warden Federal Medical Center,*  
*Devens*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/03/2005 | 1 | PETITION for Writ of Habeas Corpus 2241 $ 5, receipt number 61143, filed by Jack C. Chilingirian. (Attachments: # 1 Civil Cover Sheet) (Stanhope, Don) (Entered: 01/05/2005) |
| 01/03/2005 |  | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Alexander. (Stanhope, Don) (Entered: 01/05/2005) |
| 01/05/2005 | 2 | Judge Reginald C. Lindsay : ORDER entered. SERVICE ORDER re 2241 Petition. Order entered pursuant to R.4 of the Rules governing Section 2241 cases for service on respondents. Answer/responsive pleading due w/in 20 days of rept of this order.(Stanhope, Don) (Entered: 01/05/2005) |
| 01/06/2005 |  | Remark- Certified copy of 2241 petition was sent via certified mail to United States Attorney's Office and the office of Immigration and Naturalization. (Stanhope, Don) (Entered: 01/07/2005) |
| 01/12/2005 | 3 | MOTION To Allow Petitioner to Effect Service of Process by Jack C. Chilingirian.(Stanhope, Don) (Entered: 01/14/2005) |
| 01/12/2005 | 4 | MEMORANDUM of Law in Support of 3 MOTION To Allow Petitioner to Effect Service of Process filed by Jack C. Chilingirian. (Stanhope, Don) (Entered: 01/14/2005) |

EXHIBIT "1"