UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

JACK C. CHILINGIRIAN,                    )
                                         )
          Petitioner,                    )
                                         )
v.                                       )    Civ. No. 05-CV-10005-RCL
                                         )
DAVID L. WINN, WARDEN,                   )
                                         )
          Respondent.                    )
_____

### RESPONDENT DAVID L. WINN'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S REQUEST FOR RELIEF AND IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S PETITION

### INTRODUCTION

Petitioner, Jack C. Chilingirian ("Petitioner" or "Chilingirian"), an inmate at

Federal Medical Center Devens ("FMC Devens"), brought this habeas corpus action,

pursuant to 28 U.S.C. § 2241, challenging the BOP's calculation of good conduct time

("GCT") as it affects his release from custody. The Respondent, David L. Winn, Warden

of FMC Devens, respectfully submits this Memorandum of Law in opposition to

Petitioner's request for relief, and in support of Respondent's Motion to Dismiss pursuant

to Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts[1], which provides that a respondent may file an answer, motion, or other response

_____

[1]  Although the Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  See Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270 & n.1 (9th Cir. 1989).

to a petition for a writ of habeas corpus and Rule 12(b) (6) of the Federal Rules of Civil

Procedure.   For the reasons stated below, the petition should be dismissed.

## STATEMENT OF FACTS

On October 18, 1999, in the United States District Court for the Eastern District of

Michigan, Petitioner was sentenced to thirty-seven months for conspiracy to launder

monetary instruments.  See Petition, p. 3; Declaration of FMC Devens Paralegal

Specialist Trainee Stephanie J. Scannell ("Scannell Declaration") at ¶ 6b, and

accompanying exhibit.  As a result of a government appeal, Petitioner's sentence was

later increased to 87 months.  Id.  As Petitioner was sentenced to more than one year, he

is eligible to receive good conduct time ("GCT") credit pursuant to 18 U.S.C. § 3624(b).

Since March 23, 2004, Petitioner has been incarcerated at FMC Devens.  See Petition, p.

1.

With respect to calculating GCT, the computation date began on January 17, 2000,

the date that Petitioner voluntarily surrendered to the BOP.  Scannell Declaration at ¶ 6b,

and accompanying exhibit.  Petitioner received prior jail credit of one day for the time

spent in custody on April 23, 1997.  Id. at ¶6b and accompanying exhibit.  If Petitioner

received no GCT at all and served his full sentence, his projected release date would be

April 15, 2007.  Id.   However, Petitioner has already received credit for the following

amounts of GCT for the following time periods: January 16, 2000  to January 15, 2001-

54 days; January 16, 2001 to January 15, 2002 - 54 days; January 16, 2002 to January 15,

2003 - 54 days; January 16, 2003 to January 15, 2004 - 54 days; and January 16, 2004 to

January 15, 2005 - 54 days.  <u>Id</u> at ¶ 6c.  As a result, the petitioner has already received a total reduction of 270 days with a projected release date of July 19, 2006.  <u>Id</u>.

BOP projects that the total amount of GCT that Petitioner can earn in the future is as follows:  January 16, 2005 to January 15, 2006 - 54 days; and January 16, 2006 to May 9, 2006 - 17 days.  <u>Id</u>.  May 9, 2006 represents the BOP's projected release date assuming that the Petitioner accrues all of the GCT possible pursuant to 18 U.S.C. § 3624(b) and the BOP's established practice regarding the calculation of GCT credits.  <u>Id</u>.

**ARGUMENT**

THE BUREAU OF PRISONS' CALCULATION OF PETITIONER'S GOOD
CONDUCT TIME IS CORRECT PURSUANT TO 18 U.S.C. § 3624(b)[2]

Petitioner asserts that the BOP incorrectly calculates his Good Conduct Time

("GCT") by substituting "years served" for "term of imprisonment" in 18 U.S.C.

§ 3624(b).  Petition at 4.  Petitioner specifically argues that because BOP credits GCT

once a year and thereby moves back the projected release date each year, the BOP has

improperly denied prisoners the ability to earn 54 days for each of their initially projected

---

[2]     The Petitioner's claim that the BOP has improperly calculated his GCT credits
should be dismissed under the traditional requirement that a prisoner must exhaust his
administrative remedies before applying for habeas relief under 28 U.S.C. § 2241. E.g.,
Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir. 1999); Moscato v. Federal Bureau
of Prisons, 98 F.3d 757 (3d Cir. 1996); Gonzalez v. Perrill, 919 F.2d 1 (2d Cir. 1990);
United States v. Flanagan, 868 F.2d 1544, 1546-47 (11th Cir. 1989).
        Exceptions to the exhaustion doctrine are appropriate where "the available
administrative remedies either are unavailable or wholly inappropriate to the relief
sought, or where the attempt to exhaust such remedies would itself be a patently futile
course of action." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).  These exceptions,
however, apply only in extraordinary circumstances. Id.  The petitioner bears the burden
of establishing entitlement to one or more of these exceptions. Id.  While conceding that
he has not exhausted his administrative remedies, Petitioner contends that his failure to
exhaust should be excused as "futile," and the court should consider his claim on the
merits. See Petition at 5; see also Scannell Declaration at Paragraph 5, and accompanying
exhibit 1F (Petitioner has begun, but not yet completed, the exhaustion of his
administrative remedies).  Exhaustion, however, is not futile merely because Petitioner
believes that his administrative review will be denied. See Green v. Meese, 875 F.2d 639,
641 (7th Cir. 1989) ("No doubt that denial is the likeliest outcome, but that is not
sufficient reason for waiving the requirement of exhaustion.").   See also Booth v.
Churner, 532 U.S. 731, 741 n.6 (2001) ("we will not read futility or other exceptions into
statutory exhaustion requirements where Congress has provided otherwise").  But see
Pasciuti v. Drew, 2004 WL 1247813 * 1 (N.D.N.Y. June 2, 2004) (attached hereto as
Exhibit 1).

years of incarceration.  Id.   Petitioner alleges that, under the statute, he is entitled to at

least 391 days of GCT, whereas, under the BOP's interpretation of the statute, he gets 341

days.  Petitioner's assertion is incorrect.

The federal statute governing GCT credits for all offenses committed after April

26, 1996 appears at 18 U.S.C. § 3624(b).  The statute provides:

> (b) Credit toward service of sentence for satisfactory behavior.--
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of
> imprisonment of more than 1 year . . . may receive credit toward the
> service of the prisoner's sentence, beyond the time served, of up to
> 54 days at the end of each year of the prisoner's term of
> imprisonment, beginning at the end of the first year of the term,
> subject to determination by the Bureau of Prisons that, during that
> year, the prisoner has displayed exemplary compliance with
> institutional disciplinary regulations. . . .  Credit that has not been
> earned may not later be granted. . . . [C]redit for the last year or
> portion of a year of the term of imprisonment shall be prorated and
> credited within the last six weeks of the sentence. . . .

The implementing BOP regulation at 28 C.F.R. § 523.20 provides:

> **Good conduct time.**
>
> . . . Pursuant to 18 U.S.C. 3624(b), as in effect for offenses
> committed on or after April 26, 1996, the Bureau shall consider
> whether the inmate has earned, or is making satisfactory progress
> (see § 544.73(b) of this chapter) toward earning a General
> Educational Development (GED) credential before awarding good
> conduct time credit.
> (a) When considering good conduct time for an inmate serving a
> sentence for an offense committed on or after April 26, 1996, the
> Bureau shall award:
>         (1) 54 days credit for each year served (prorated when the
> time served by the inmate for the sentence during the year is less
> than a full year) if the inmate has earned or is making satisfactory
> progress toward earning a GED credential or high school diploma; or

5

(2) 42 days credit for each year <u>served</u> (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.
(b) The amount of good conduct time awarded for the year is also subject to disciplinary disallowance . . .

28 C.F.R. § 523.20 (emphasis added).  <u>See</u> <u>also</u> BOP Program Statement 5880.28

Sentence Computation Manual CCCA, relevant portions of which are attached as Exhibit

1D to the Scannell Declaration.

Under the Petitioner's interpretation of Section 3624(b), he should get 54 days of

GCT credit for each 12 month increment of his original sentence.  In accord with that

interpretation, Chilingirian should receive 54 (days of GCT) x 7.25(years of sentence) for

a total of 391 days of GCT.  Under his theory, he would get credit for the portion (.25) of

the eighth and final year of his original sentence, even if he never serves a single day of

that last year, and, even if he does not serve out the entirety of his second to last year.

The Petitioner's theory is flatly inconsistent with the statutory requirement that credit be

given "<u>at the end</u> of each year of the prisoner's term of imprisonment" (18 U.S.C. §

3624(b)(emphasis added)), and that "credit for the last year or portion of a year of the

term of imprisonment shall be prorated. . . ."  <u>Id</u>.  Stated another way, if, as the Petitioner

asserts, "term of imprisonment" were interpreted to mean "term of the sentence," it would

be impossible for the BOP to give credit "at the end of each year of the prisoner's term of

imprisonment," because the petitioner would, under his theory, no longer be under BOP

custody during his last year.

6

On January 7, 2005, the First Circuit addressed the precise legal issue raised by the Petitioner.  In <u>Perez-Olivo v. Chavez</u>, 394 F.3d 45, 53, (1st Cir. 2005), the First Circuit found that "term of imprisonment" was an ambiguous term, but that the BOP's interpretation of that term was both permissible and reasonable.  Section 3624(b)'s requirement that evaluations of GCT take place at the "end of the year" made the BOP's interpretation reasonable.  <u>Id</u>.  Moreover, because a prisoner could only receive credit if he had complied with institutional disciplinary regulations, the Court found that Congress evidenced a clear intent for the BOP to evaluate a prisoner's conduct during his time spent in prison.  <u>Id</u>.  Therefore, it was reasonable to infer that time actually be served in order to perform the evaluation.  <u>Accord</u>, <u>White v. Scibana</u>, 390 F.3d 997 (7th Cir. 2004); <u>Pacheco-Camacho v. Hood</u>, 272 F.3d 1266, 1270 (9th Cir. 2001).

Accordingly, the BOP's calculation of Petitioner's GCT credit is correct, and the Petitioner's position is without merit.

**CONCLUSION**

For the foregoing reasons, Respondent respectfully requests that this Court allow his motion to dismiss in its entirety.

Respectfully submitted,

DEFENDANT DAVID L. WINN,
WARDEN, FMC DEVENS,

By his attorney,

MICHAEL J. SULLIVAN
United States Attorney
/s/ Jennifer C. Boal

By:   Jennifer C. Boal
      Assistant U.S. Attorney
      John Joseph Moakley U.S.   Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA 02210
      (617) 748-3310

Dated: March 9, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JACK CHILINGIRIAN, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 05-CV-10005 |
| | ) | |
| DAVID L. WINN, Warden, FMC Devens, | ) | |
| Respondent. | ) | |
| | ) | |

## DECLARATION OF STEPHANIE SCANNELL

I, Stephanie Scannell, hereby make the following declaration:

1.  I am currently employed by the Federal Bureau of Prisons (BOP) of the United States Department of Justice as a Paralegal Specialist Trainee at the Consolidated Legal Center located at the Federal Medical Center (FMC) in Devens, Massachusetts. I have been employed at this position since approximately March 9, 2003, and have been with the BOP since October 6, 2002.

2.  In order to perform my official duties as Paralegal Specialist Trainee, I have access to numerous records regarding prisoners maintained in the ordinary course of business at FMC Devens. This information includes, but is not limited to, documentary records, Judgment and Commitment files, and computerized records maintained on SENTRY, the Bureau of Prisons computerized data base.

3.  I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program, which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to SENTRY, which maintains a record of all of the administrative remedies filed by an inmate, the dates thereof, and the dispositions. These records reflect every administrative remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal institution of the Bureau of Prisons.

4.    The Bureau of Prisons has established an administrative remedy procedure whereby inmates can seek formal review of any complaint regarding any aspect of their imprisonment. Petitioner had available to him the four step procedures set forth in the BOP's Administrative Remedy Program. 28 C.F.R. § 542. The BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's Administrative Remedy Program, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. 28 C.F.R. § 542.13(a). If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14(a). If the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP, within twenty calendar days of the date of the Warden signed the response. 28 C.F.R. § 542.15(a). A negative decision from the Regional Director may in turn be appealed to the General Counsel's office (in the Central Office) within thirty calendar days of the date the Regional Director signed the response. Id. No administrative remedy appeal is considered to have been fully exhausted until considered by the Bureau of Prisons' Central Office. 28 C.F.R. §§ 542.14-542.15. This Program is available to inmates confined at the FMC Devens and would include any issues surrounding sentence calculations.

5.    I reviewed the Petition filed by Inmate Jack Chilingirian, Register Number 22512-039, in which he challenges the Bureau of Prisons' calculation of the number of good conduct time (GCT) days for which he is eligible, and requests that his GCT be recalculated. On February 14, 2004, I ran a SENTRY search to determine if inmate Jack Chilingirian, Reg. No. 22512-039, had filed any administrative remedy claims under the Administrative Remedy Program in regard to the allegations in his Petition. A review of his Administrative Remedy Record revealed that Petitioner filed a Request for Administrative Remedy with the Warden at FMC Devens, requesting that his good conduct time be recalculated. The Warden denied his request, and Petitioner subsequently submitted an Administrative Remedy Appeal to the Regional Director on February 10, 2005. According to 28 C.F.R. § 542.18, the Regional Director has 30 days to issue a response to Petitioner. To date, the Regional Director has not yet responded to Petitioner's request. Therefore, Petitioner has not exhausted his administrative remedies since he has only exhausted the first tier of the Bureau's three tier process. A true and accurate copy Administrative Remedy Generalized Retrieval screen for inmate Jack Chilingirian, Reg. No. 22512-039, is attached as **Document 1f**.

6.    Attached hereto, please find true and correct copies of the following documents:

    a.    Public Information Data for Inmate Jack Chilingirian, Register Number 22512-039, dated February 14, 2005;

    b.    Sentence Monitoring Computation Data for Inmate Jack Chilingirian, Register Number 22512-039, dated February 11, 2005;

    c.    Sentence Monitoring Good Time Data for Inmate Jack Chilingirian, Register Number 22512-039, dated February 11, 2005;

    d.    Program Statement 5880.28, Sentence Computation Manual CCCA (attached in relevant part);

    e.    Request for Administrative Remedy, Case Number 362231-F1, and Response;

    f.    Administrative Remedy Generalized Retrieval for Inmate Jack Chilingirian, Register Number 22512-039, dated February 16, 2005.


I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this _16th_ day of February, 2005

                                              Stephanie J. Scannell
                                              Paralegal Specialist Trainee
                                                  FMC Devens

# DOCUMENT 1a

Case 1:05-cv-10005-RCL PUBLIC INFORMATION Filed 03/09/2005 Page 5 of 24

```
REGNO..: 22512-039 NAME: CHILINGIRIAN, JACK
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000   FAX: 978-796-1118
                                            RACE/SEX...: WHITE / MALE
FBI NUMBER.: 851402DB8                       DOB/AGE....: 04-09-1943 / 61
PROJ REL MT: GOOD CONDUCT TIME RELEASE      PAR ELIG DT: N/A
PROJ REL DT: 05-09-2006                      PAR HEAR DT:
------------------------- ADMIT/RELEASE HISTORY ----------------------------
FCL   ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP  DATE/TIME
DEV   A-DES     DESIGNATED, AT ASSIGNED FACIL 11-17-2004 1847 CURRENT
6-K   RELEASE   RELEASED FROM IN-TRANSIT FACL 11-17-2004 1847 11-17-2004 1847
6-K   A-ADMIT   ADMITTED TO AN IN-TRANSIT FACL 11-17-2004 0930 11-17-2004 1847
OKL   HLD REMOVE HOLDOVER REMOVED             11-17-2004 0830 11-17-2004 0830
OKL   A-HLD     HOLDOVER, TEMPORARILY HOUSED  11-03-2004 1645 11-17-2004 0830
A02   RELEASE   RELEASED FROM IN-TRANSIT FACL 11-03-2004 1745 11-03-2004 1745
A02   A-ADMIT   ADMITTED TO AN IN-TRANSIT FACL 11-03-2004 1136 11-03-2004 1745
MIL   HLD REMOVE HOLDOVER REMOVED             11-03-2004 1136 11-03-2004 1136

G0002      MORE PAGES TO FOLLOW . . .
```

Case 1:05-cv-10005-RCL   Document 42   Filed 03/09/2005   Page 6 of 43

```
  DEVAA                      *    INFORMATION                    *   02-14-2005
PAGE 002                     *    INMATE DATA                    *   10:38:35
                                  AS OF 02-14-2005


REGNO..: 22512-039 NAME: CHILINGIRIAN, JACK
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 978-796-1000    FAX: 978-796-1118
MIL    A-HLD       HOLDOVER, TEMPORARILY HOUSED   10-29-2004 1042 11-03-2004 1136
3-Q    RELEASE     RELEASED FROM IN-TRANSIT FACL  10-29-2004 1042 10-29-2004 1042
3-Q    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 10-25-2004 1056 10-29-2004 1042
MIL    HLD REMOVE  HOLDOVER REMOVED               10-25-2004 1056 10-25-2004 1056
MIL    A-HLD       HOLDOVER, TEMPORARILY HOUSED   08-09-2004 1013 10-25-2004 1056
I-T    RELEASE     RELEASED FROM IN-TRANSIT FACL  08-09-2004 1013 08-09-2004 1013
I-T    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-16-2004 0530 08-09-2004 1013
A02    RELEASE     RELEASED FROM IN-TRANSIT FACL  07-16-2004 0530 07-16-2004 0530
A02    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-15-2004 0900 07-16-2004 0530
OKL    HLD REMOVE  HOLDOVER REMOVED               07-15-2004 0800 07-15-2004 0800
OKL    A-HLD       HOLDOVER, TEMPORARILY HOUSED   07-08-2004 1750 07-15-2004 0800
7-F    RELEASE     RELEASED FROM IN-TRANSIT FACL  07-08-2004 1850 07-08-2004 1850
7-F    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 07-08-2004 0917 07-08-2004 1850


G0002      MORE PAGES TO FOLLOW . . .
```

REGNO..: 22512-039 NAME: CHILINGIRIAN, JACK
COMP NO: 010      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000   FAX: 978-796-1118
PRE-RELEASE PREPARATION DATE: 11-09-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  05-09-2006 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: MICHIGAN, EASTERN DISTRICT
DOCKET NUMBER...................: CR96-80670-3
JUDGE...........................: O'MEARA
DATE SENTENCED/PROBATION IMPOSED: 10-18-1999
DATE COMMITTED..................: 01-17-2000
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

G0002      MORE PAGES TO FOLLOW . . .

Case 1:05-cv-10005-RCL  Document 44-2  Filed 03/09/2005  Page 8 of 43

```
                                  INMATE DATA
                               AS OF 02-14-2005
```

REGNO..: 22512-039 NAME: CHILINGIRIAN, JACK
COMP NO: 010      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000    FAX: 978-796-1118

```
                   FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:    $50.00         $00.00          $00.00       $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $335,167.50

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  548
OFF/CHG: CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS
         T18:1956(A)(1)(A)(I), 1956(S)(1)(B)(I), & 1956(H)

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    37 MONTHS

G0002      MORE PAGES TO FOLLOW . . .

Case 1:05-cv-10005-RCL   Document 4-2   Filed 03/09/2005   Page 9 of 43

REGNO..: 22512-039 NAME: CHILINGIRIAN, JACK
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FAX: 978-796-1118
 TERM OF SUPERVISION............:    2 YEARS
 NEW SENTENCE IMPOSED...........:   87 MONTHS
 BASIS FOR CHANGE...............: RULE 35 GOVERNMENT APPEAL
 CLASS OF OFFENSE...............: CLASS C FELONY
 DATE OF OFFENSE................: 10-31-1996

------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-10-2005 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-17-2000

G0002     MORE PAGES TO FOLLOW . . .

REGNO..: 22512-039 NAME: CHILINGIRIAN, JACK
COMP NO: 010      ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS      RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 978-796-1000    FAX: 978-796-1118
TOTAL TERM IN EFFECT............:    87 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS      3 MONTHS
EARLIEST DATE OF OFFENSE........: 10-31-1996

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    04-23-1997     04-23-1997

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 341
TOTAL GCT EARNED................: 270
STATUTORY RELEASE DATE PROJECTED: 05-09-2006
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 04-15-2007

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 22512-039 NAME: CHILINGIRIAN, JACK
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 978-796-1000   FAX: 978-796-1118


PROJECTED SATISFACTION DATE.....: 05-09-2006
PROJECTED SATISFACTION METHOD...: GCT REL




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

# DOCUMENT 1b

```
  DEVBS  540*23 *           SENTENCE MONITORING          *       02-11-2005
PAGE 001        *           COMPUTATION DATA             *       11:45:04
                            AS OF 02-11-2005
```

REGNO..: 22512-039 NAME: CHILINGIRIAN, JACK


```
FBI NO...........: 851402DB8              DATE OF BIRTH: 04-09-1943
ARS1.............: DEV/A-DES
UNIT.............: I UNIT                 QUARTERS.....: I01-043L
DETAINERS........: NO                     NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 11-09-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  05-09-2006 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

```
COURT OF JURISDICTION...........: MICHIGAN, EASTERN DISTRICT
DOCKET NUMBER...................: CR96-80670-3
JUDGE...........................: O'MEARA
DATE SENTENCED/PROBATION IMPOSED: 10-18-1999
DATE COMMITTED..................: 01-17-2000
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:  $50.00         $00.00          $00.00        $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT: $335,167.50

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  548
OFF/CHG: CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS
         T18:1956(A)(1)(A)(I), 1956(S)(1)(B)(I), & 1956(H)

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   37 MONTHS
 TERM OF SUPERVISION............:    2 YEARS
 NEW SENTENCE IMPOSED...........:   87 MONTHS
 BASIS FOR CHANGE...............: RULE 35 GOVERNMENT APPEAL
 CLASS OF OFFENSE...............: CLASS C FELONY
 DATE OF OFFENSE................: 10-31-1996
```

G0002      MORE PAGES TO FOLLOW . . .

```
  DEVBS  540*23 *            SENTENCE MONITORING        *    02-11-2005
PAGE 002 OF 002 *            COMPUTATION DATA           *    11:45:04
                             AS OF 02-11-2005

REGNO..: 22512-039 NAME: CHILINGIRIAN, JACK


-----------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-10-2005 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-17-2000
TOTAL TERM IN EFFECT............:   87 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS       3 MONTHS
EARLIEST DATE OF OFFENSE........: 10-31-1996

JAIL CREDIT.....................:  FROM DATE      THRU DATE
                                   04-23-1997     04-23-1997

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 341
TOTAL GCT EARNED................: 270
STATUTORY RELEASE DATE PROJECTED: 05-09-2006
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 04-15-2007


PROJECTED SATISFACTION DATE.....: 05-09-2006
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: V/S TO FPC MCKEAN ON 01-17-2000.




S0055     NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

# DOCUMENT 1c

```
 DEVBS  542*22 *              SENTENCE MONITORING            *      02-11-2005
PAGE 001 OF 001 *               GOOD TIME DATA              *      11:45:33
                              AS OF   02-11-2005
```

REGNO...: 22512-039   NAME: CHILINGIRIAN, JACK
ARS 1...: DEV A-DES                                    PLRA
COMPUTATION NUMBER..: 010                     FUNC..: PRT   ACT DT:
LAST UPDATED:  DATE.: 02-10-2005              FACL..: DEV    CALC: AUTOMATIC
UNIT................: I UNIT                  QUARTERS............: I01-043L
DATE COMP BEGINS....: 01-17-2000             COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 1                       TOTAL INOP TIME.....: 0
CURRENT REL DT......: 07-19-2006 WED         EXPIRES FULL TERM DT: 04-15-2007
PROJ SATISFACT DT...: 05-09-2006 TUE         PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                        ACTUAL SATISF METHOD:
DAYS REMAINING......:                        FINAL PUBLC LAW DAYS:

--------------------------GOOD CONDUCT TIME AMOUNTS-------------------------

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | ACTUAL TOTALS DIS | FFT | VESTED AMOUNT | VESTED DATE |
|------------|-----------|---------|-----------------|-------------------|-----|---------------|-------------|
| 01-16-2000 | 01-15-2001 | 54 | 54 | | | | |
| 01-16-2001 | 01-15-2002 | 54 | 108 | | | | |
| 01-16-2002 | 01-15-2003 | 54 | 162 | | | | |
| 01-16-2003 | 01-15-2004 | 54 | 216 | | | | |
| 01-16-2004 | 01-15-2005 | 54 | 270 | | | | |
| 01-16-2005 | 01-15-2006 | 54 | | | | | |
| 01-16-2006 | 05-09-2006 | 17 | | | | | |

```
        TOTAL EARNED AMOUNT.........................................:      270
        TOTAL EARNED AND PROJECTED AMOUNT...........................:      341
```

G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

# DOCUMENT 1d



**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

**OPI:** CPD
**NUMBER:** 5880.28
**DATE:** CN-06, 7/19/99
**SUBJECT:** Sentence Computation Manual (CCA of 1984)

1. **PURPOSE AND SCOPE.** This Program Statement transmits the "Sentence Computation Manual" which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code under the statutes of the Comprehensive Crime Control Act of 1984 (CCCA).

On October 12, 1984, President Reagan signed the Comprehensive Crime Control Act of 1984 (CCCA) into law. Two major components of this law, the Sentencing Reform Act of 1984 (SRA) and the Insanity Reform Act of 1984, completely restructured the sentencing guidelines and policies of the United States Courts.

After the effective date of the SRA on November 1, 1987, a number of United States Court decisions found all or parts of the SRA unconstitutional. As a result, the SRA was implemented nationally in various ways.

On January 18, 1989, in **Mistretta v. U.S.**, the Supreme Court considered the constitutionality of the sentencing guidelines and ruled that the guidelines were constitutional. This Manual provides instructions for computing sentences imposed under the CCCA both before and after the **Mistretta** decision.

2. **DIRECTIVES AFFECTED**

   a. **Directives Rescinded.** None.

   b. **Directives Referenced.** None.

        **g.  Good Conduct Time.**  Subsection 3624(b) states, "(b) Credit toward service of sentence for satisfactory behavior.-- A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General and issued to the prisoner.  If the Bureau determines that during that year, the prisoner has not satisfactorily complied with such institutional regulations, he shall receive no such credit toward service of his sentence or shall receive such lesser credit as the Bureau determines to be appropriate.  The Bureau's determination shall be made within fifteen days after the end of each year of the sentence.  Such credit toward service of sentence vests at the time it is received.  Credit that has been vested may not later be withdrawn, and credit that has not been earned may not later be granted.  Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."

        For computation purposes, it is necessary to remember the following about subsection 3624(b):

        (1)  54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 41

prorated for the last partial year.  No GCT can be earned on, or
awarded to, a sentence of one year or less.

        (2)  The BOP has 15 days after the end of
each full year served to make a determination as to the amount of
the 54 days that shall be awarded.  If the BOP makes no decision
about the amount of GCT to award in the 15 days at the end of the
year just served, then the entire 54 days will be automatically
credited to the sentence on the Vested Date.  Therefore, before
awarding any GCT on the Vested Date, staff shall review the
SENTRY disciplinary log to determine if any GCT had been
disallowed during the preceding anniversary period.  If no GCT
was disallowed during the preceding anniversary period, then the
GCT SENTRY data base shall be updated with the total amount of
GCT possible to earn and a copy of the disciplinary log, as well
*    as a copy of the GCT record (both signed and dated by the ISM
staff member making the change and the auditor), shall be placed
in the Judgment and Commitment File.         *

        If some or all of the GCT had been
disallowed during the preceding anniversary period and no BP-448
(Good Conduct Time Action Notice) has been received by the Vested
Date that matches the disciplinary log record, then the
disciplinary log shall be used as the official record for
disallowing GCT on the Vested Date.  A copy of the disciplinary
log shall be placed in the Judgment and Commitment File pending
receipt of a BP-448 that matches the information on the
disciplinary log.  After receipt of the BP-448 the disciplinary
log copy shall be destroyed.  Again, an updated copy of the

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 42

SENTRY GCT record (signed and dated by the ISM staff member
making the change and the auditor) shall be placed in the
Judgment and Commitment File.

\*

      Once GCT has been credited, it vests and may not
later be disallowed.  If good cause exists (e.g., riot, food
strike, work stoppage, etc.) or the prisoner commits an act of
misconduct (See Program Statement on Inmate Discipline and
Special Housing Units) that occurred during the prior year but
does not become known until after the 15 day time limit has
expired, however, then the GCT may be disallowed even though the
time limit has been exceeded.  In addition, if an act of
misconduct is referred to the Discipline Hearing Officer (DHO)
and the DHO is unable to dispose of the referral in the manner
prescribed by the Program Statement on Inmate Discipline and
Special Housing Units within the 15 days allowed, then the
official award or disallowance of the GCT may be delayed for the
period of time necessary to comply with that Program Statement.

      In any case not covered in the preceding paragraph
in which GCT is not disallowed within the proper time limit, the
RISA should be contacted for instructions.                    \*

      (3)  GCT that is disallowed and that is not
awarded from the maximum possible to award during the 15 day time
limit, may not be awarded at a later time.  If a disallowance of
GCT is successfully appealed, or if the BOP has for some reason
erroneously disallowed GCT, then the GCT may be credited at that
time.

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 43

(4)   The BOP has six weeks before the end of
the sentence to make a determination about how much of the
prorated GCT to award for the last portion of a year of the term
of imprisonment.  If the BOP makes no decision about the amount
of GCT to award in the last six weeks of the sentence, then the
entire amount possible to award for that period of time will be
automatically credited to the sentence on the last day of the
sentence (date of release and Vested Date).  Therefore, before
awarding any GCT on the Vested Date, staff shall review the
SENTRY disciplinary log to determine if any GCT had been
disallowed during the preceding anniversary period.  If no GCT
was disallowed during the preceding anniversary period, then the
GCT SENTRY data base shall be updated with the total amount of
GCT possible to earn and a copy of the disciplinary log, as well
as a copy of the GCT record (signed and dated by the ISM staff
member making the change and the auditor), shall be placed in the
Judgment and Commitment File.

If some or all of the GCT had been
disallowed during the preceding anniversary period and no BP-448
has been received by the Vested Date that matches the
disciplinary log record, then the disciplinary log shall be used
as the official record for disallowing GCT on the Vested Date.  A
copy of the disciplinary log shall be placed in the Judgment and
Commitment File pending receipt of a BP-448 that matches the
information on the disciplinary log.  After receipt of the BP-448
\*      the disciplinary log copy shall be destroyed.  Again, an updated

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 44

copy of the SENTRY GCT record (signed and dated by the ISM staff member making the change and the auditor) shall be placed in the Judgment and Commitment File.                                    *

            (5)  An action to delay, disallow or suspend the award of some or all of the GCT for a decision at a later time that is not within the 15 day, or six week, consideration time periods is not authorized.

     For release purposes, subsection 3624(b) is the most important provision in the computation process since the proper application of that subsection determines the actual statutory date of release for the prisoner.  The release date is determined, of course, by subtracting the total amount of GCT awarded during the term of the sentence from the full term date of the sentence.  The total amount of GCT awarded during the term of a sentence is found by adding the amount of GCT awarded at the end of each year to the amount of GCT awarded for the last portion of a year.

     As noted in (1) above, 54 days of GCT may be awarded for each full year served on a sentence in excess of one year.  Since 54 days of GCT per year cannot be divided evenly into one year, or 12 months, or 52 weeks, or 365 days, determining the amount of GCT that may be awarded for the last portion of a year on the sentence becomes arithmetically complicated.  The BOP has developed a formula (hereinafter called the "GCT formula") that

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 44A

best conforms to the statute when calculating the maximum number
of days that may be awarded for the time served during the last
portion of a year on the sentence.

The GCT formula is based on dividing 54 days (the maximum
number of days that can be awarded for one year in service of a
sentence) into one day which results in the portion of one day of
GCT (continued on next page)

P.S. 5880.28
February 21, 1992
Page 1 - 45

that may be awarded for one day served on a sentence.   365 days
divided into 54 days equals .148.  Since .148 is less than one
full day, no GCT can be awarded for one day served on the
sentence.   Two days of service on a sentence equals .296 (2 x
.148) or zero days GCT; three days equals .444 (3 x .148) or zero
days GCT; four days equals .592 (4 x .148) or zero days GCT; five
days equals .74 (5 x .148) or zero days GCT; six days equals .888
(6 x .148) or zero days GCT; and seven days equals 1.036 (7 x
.148) or 1 day GCT.  The fraction is always dropped.

      Since, in accordance with the statute (18 USC § 3624(b)), no
GCT can be awarded to a sentence of one year or less, then the
very shortest sentence that can be awarded GCT is a sentence of 1
year and 1 day.  Because a prisoner would accrue GCT while
serving a sentence of 1 year and 1 day and, therefore, serve
something less than the full sentence, it would be impossible to
accrue the full 54 days of GCT for a sentence of 1 year and 1
day.  As a result, the GCT formula previously discussed must be
utilized as shown below to determine the amount of GCT to award
for a partial year.  This method of calculating the GCT possible
to award for the last portion of a year of a sentence to be
served must be followed in all partial year calculations.  (For
the purpose of this demonstration, the sentence of 1 year and 1
day equals 366 days.)

Step No. 1

Sentence  = 366 - 54 = 312 days

312 days served does not equal 54 days of GCT but does equal 46
days.

P.S. 5880.28
February 21, 1992
Page 1 - 46

Step No. 2

Days Served  = 312 x .148 = 46.176 = 46 days GCT


Subtracting 46 days from the sentence of 366 days results in 320
days to be served.


Step No. 3

Sentence  = 366 - 46  = 320 days

46 days of GCT is not enough because 46 plus 312 days to be
served equals a sentence of 358 days, 8 days short of a sentence
of 366 days (1 year and 1 day).


Step No. 4

Time Served  = 312 + 46  = 358 days

Comparing 320 days to serve, which is too much time to serve,
with 312 days to serve, which is not enough time to serve,
reveals that the amount of GCT that can be earned must fall
somewhere between 54 and 46 days.  As a result, the next step is
to determine how much GCT can be earned on 320 days served.


Step No. 5

Time Served  =  320 x .148  = 47.36 = 47 days GCT

Subtracting 47 days from the sentence of 366 days (1 year and 1
day)
results in 319 days to be served.


Step No. 6

Sentence   =  366 - 47  = 319 days

Utilizing the GCT formula, it is learned that 319 days served
equals
47 days GCT.


Step No. 7

Time Served  = 319 x .148  = 47.212 = 47 days GCT

Adding 319 days time served to 47 days GCT does equal a sentence
of 366 days (1 year and 1 day).

P.S. 5880.28
February 21, 1992
Page 1 - 47

Step No. 8

Time Served  = 319 + 47  = 366 days

The amount of GCT that can be awarded for a sentence of 366 days (1 year and 1 day) is 47 days.

     The steps that were followed in the preceding example must be followed in every instance when it is necessary to determine the amount of GCT that can be awarded for a partial year served on a sentence.  A short version of the preceding eight steps is shown below.

          366 x .148 = 54.168  (366 + 54 = 420)
          366 - 54= 312 x .148 = 46.176 (312 + 46 = 358)
          366 - 46= 320 x .148 = 47.36  (320 + 47 = 367)
          366 - 47= 319 x .148 = 47.212 (319 + 47 = 366)

Thus--319 days actually served plus 47 days of GCT equals 366 days, or a sentence of 1 year and 1 day.

     There is one exception to the "fraction is always dropped" rule.  For instance, if the partial year remaining on a sentence equals 7 days and if the full 7 days were served, then 1 day of GCT credit (7 x .148 = 1.036 = 1 day) could be awarded.  If the 1 day is awarded, however, then only 6 days would actually be served on the final 7 days and for 6 days served no GCT (6 x .148 = .888 = 0 days) would be authorized.  This arithmetical conflict occurs each time that the actual time to serve plus the GCT equals 1 day less than that final portion of the year remaining on the sentence.  For example, applying the GCT formula to a final portion of a year of 294 days results in the following calculation.

P.S. 5880.28
February 21, 1992
Page 1 - 48

```
294 x .148 = 43.512  (294 + 43 = 337)
294 - 43= 251 x .148 = 37.148 (251 + 37 = 288)
294 - 37= 257 x .148 = 38.036 (257 + 38 = 295)
294 - 38= 256 x .148 = 37.888 (256 + 37 = 293)
```

As you can see from above, the GCT formula does not produce a result that will allow the number of days actually served plus the GCT to equal 294 days.  Since it is to the advantage of the prisoner to award an additional full day for 37.888 days (38 days instead of 37 days) of GCT in such a situation, the BOP will award that additional 1 full day even though the time served results in a fraction (.888 in this case) short of a full day. (See Good Conduct Time Chart)

It is essential to learn that GCT is not awarded on the basis of the length of the sentence imposed, but rather on the number of days  actually served.  In other words, when the GCT awarded plus the number of days actually served equals the days remaining on the sentence, then the prisoner shall be released on the date arrived at in the computation process (days remaining on sentence - (GCT + days served) = release date).  The following example demonstrates the computation process for determining a final release date on a sentence with 355 days remaining and that has a 10-10-91 date of release prior to the award of GCT.

```
355 x .148 = 52.54  (355 + 52 = 407)
355 - 52= 303 x .148 = 44.844 (303 + 44 = 347)
355 - 44= 311 x .148 = 46.028 (311 + 46 = 357)
355 - 46= 309 x .148 = 45.172 (309 + 45 = 354)
355 - 45= 310 x .148 = 45.88  (310 + 45 = 355)
```

```
Release Date          = 10-10-91 =  19276
GCT                              = -00045
Final Release Date = 08-26-91 =  19231
```

P.S. 5880.28
February 21, 1992
Page 1 - 49

Based on the partial year formula, any sentence that equals 418 days (e.g., 1 year, 1 month and 21 days) through 425 days (e.g., 1 year, 1 month and 29 days), can receive 54 days of GCT. Beginning with sentences that equal 426 days, more than 54 days of GCT can be awarded.  As a result, any sentence that exceeds 425 days will require an Anniversary Date and a prorated year computation.

Now that the method for finding the release date for a partial year has been shown, the following example demonstrates the calculation of a sentence of 1 year and 1 month with no jail time credit or inoperative time.

```
Date Sentence Began          90-06-23
Sentence Length           = +01-01-00
Full Term Date               91-07-22* =  19196
Date Sentence Began          90-06-22* = -18801
Days Remaining                             395
```

```
395 x .148 = 58.46  (395 + 58 = 453)
395 - 58= 337 x .148 = 49.876 (337 + 49 = 386)
395 - 49= 346 x .148 = 51.208 (346 + 51 = 397)
395 - 51= 344 x .148 = 50.912 (344 + 50 = 394)
395 - 50= 345 x .148 = 51.06  (345 + 51 = 396)
```

You will note that the GCT formula does not allow the GCT plus the days served (344 + 50 = 394 and 345 + 51 = 396) to equal the days remaining on the sentence (395).  As a result, in accordance with the exception to always "dropping the fraction" rule, 51 days of GCT is awarded for the partial year rather than 50 days.

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 61B

enter the number of days of Good Conduct Time into SENTRY on the Vested Date, or the last normal work day prior to the Vested Date.

　　　　e.  If a Good Conduct Time Action Notice (BP-448) has not been received by the Vested Date, then the Disciplinary Log shall be used as the official record for disallowing GCT on the Vested Date.  A copy of the disciplinary log shall be placed in the J&C File pending receipt of a BP-448 that matches the information on the disciplinary log.  After receipt of the BP-448, the disciplinary log copy shall be destroyed.

　　　　f.  For partial year awards, ISM staff will enter the final GCT award into SENTRY on the inmate's release date prior to the final satisfaction of the sentence.  The final GCT award should be made on the inmate's release date, or the work day preceding the release date since awards of GCT are vested and may not later be disallowed.  If the time remaining on the sentence is less than a year, a prorated amount of Good Conduct Time will be entered into SENTRY.  This also includes shorter sentences up to and including a sentence of 417 days (usually equaling 1 year, 1 month and 1 day), which do not earn the full amount of 54 GCT days, but earn a lesser prorated amount.  Inmates serving SRA sentences are not eligible for lump sum awards of GCT.

　　　　g.  Community Corrections staff will perform the above procedures for prisoners in community correction centers.  The Disciplinary Log need not be produced for prisoners who are boarded out to state facilities or who are serving their sentences concurrently in a state facility.　　　　　　*

P.S. 5880.28
February 21, 1992
Page 4 - 5

GOOD CONDUCT TIME CHART

| Days Remaining On Final Portion Of Sentence | Maximum GCT Available | Days Actually Served | Days Remaining On Final Portion Of Sentence | Maximum GCT Available | Days Actually Served |
|---|---|---|---|---|---|
| 337 Days | 43 GCT | 294 Days | 379 Days | 48 GCT | 331 Days |
| 338 Days | 43 GCT | 295 Days | 380 Days | 49 GCT | 331 Days |
| 339 Days | 43 GCT | 296 Days | 381 Days | 49 GCT | 332 Days |
| 340 Days | 43 GCT | 297 Days | 382 Days | 49 GCT | 333 Days |
| 341 Days | 44 GCT | 297 Days | 283 Days | 49 GCT | 334 Days |
| 342 Days | 44 GCT | 298 Days | 384 Days | 49 GCT | 335 Days |
| 343 Days | 44 GCT | 299 Days | 385 Days | 49 GCT | 336 Days |
| 344 Days | 44 GCT | 300 Days | 386 Days | 49 GCT | 337 Days |
| 345 Days | 44 GCT | 301 Days | 387 Days | 50 GCT | 337 Days |
| 346 Days | 44 GCT | 302 Days | 388 Days | 50 GCT | 338 Days |
| 347 Days | 44 GCT | 303 Days | 389 Days | 50 GCT | 339 Days |
| 348 Days | 44 GCT | 304 Days | 390 Days | 50 GCT | 340 Days |
| 349 Days | 45 GCT | 304 Days | 391 Days | 50 GCT | 341 Days |
| 350 Days | 45 GCT | 305 Days | 392 Days | 50 GCT | 342 Days |
| 351 Days | 45 GCT | 306 Days | 393 Days | 50 GCT | 343 Days |
| 352 Days | 45 GCT | 307 Days | 394 Days | 50 GCT | 344 Days |
| 353 Days | 45 GCT | 308 Days | 395 Days | 51 GCT | 344 Days |
| 354 Days | 45 GCT | 309 Days | 396 Days | 51 GCT | 345 Days |
| 355 Days | 45 GCT | 310 Days | 397 Days | 51 GCT | 346 Days |
| 356 Days | 46 GCT | 310 Days | 398 Days | 51 GCT | 347 Days |
| 357 Days | 46 GCT | 311 Days | 399 Days | 51 GCT | 348 Days |
| 358 Days | 46 GCT | 312 Days | 400 Days | 51 GCT | 349 Days |
| 359 Days | 46 GCT | 313 Days | 401 Days | 51 GCT | 350 Days |
| 360 Days | 46 GCT | 314 Days | 402 Days | 51 GCT | 351 Days |
| 361 Days | 46 GCT | 315 Days | 403 Days | 52 GCT | 351 Days |
| 362 Days | 46 GCT | 316 Days | 404 Days | 52 GCT | 352 Days |
| 363 Days | 46 GCT | 317 Days | 405 Days | 52 GCT | 353 Days |
| 364 Days | 47 GCT | 317 Days | 406 Days | 52 GCT | 354 Days |
| 365 Days | 47 GCT | 318 Days | 407 Days | 52 GCT | 355 Days |
| 366 Days | 47 GCT | 319 Days | 408 Days | 52 GCT | 356 Days |
| 367 Days | 47 GCT | 320 Days | 409 Days | 52 GCT | 357 Days |
| 368 Days | 47 GCT | 321 Days | 410 Days | 52 GCT | 358 Days |
| 369 Days | 47 GCT | 322 Days | 411 Days | 53 GCT | 358 Days |
| 370 Days | 47 GCT | 323 Days | 412 Days | 53 GCT | 359 Days |
| 371 Days | 47 GCT | 324 Days | 413 Days | 53 GCT | 360 Days |
| 372 Days | 48 GCT | 324 Days | 414 Days | 53 GCT | 361 Days |
| 373 Days | 48 GCT | 325 Days | 415 Days | 53 GCT | 362 Days |
| 374 Days | 48 GCT | 326 Days | 416 Days | 53 GCT | 363 Days |
| 375 Days | 48 GCT | 327 Days | 417 Days | 53 GCT | 364 Days |
| 376 Days | 48 GCT | 328 Days | 418 Days | 54 GCT | 364 Days |
| 377 Days | 48 GCT | 329 Days | 419 Days | 54 GCT | 365 Days |
| 378 Days | 48 GCT | 330 Days | 420 Days | 54 GCT | 366 Days |

# DOCUMENT 1e

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | CHILINGIRIAN, JACK C. | 22512-039 | I | CAMP DEVENS |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** This is a request that the BOP recalculate my good time credits. I have previously asked that the Sentence Monitoring Computation Sheet which reflects 341 days of Good Time Credits be corrected to reflect 391 days of Good Time Credits based upon my sentence of 87 months. Pursuant to 18 USC §3624(b) the computation made by the BOP is not an accurate interpretation of the statute. I have submitted an Inmate Request to Staff BP-8 (copy attached) and a Informal Resolution Form BP-8/12 (copy attached) which have been rejected. Based on a number of recent judicial decisions the plain meaning of 18 USC §3624(b)(1) requires that good time credits be calculated on the length of sentence imposed not the actual time served as interpreted by the BOP. The statute referes not to "time served" but to "term of imprisonment." The last sentence of 18 USC §3624(b)(1) recognizes that sentences are not imposed solely in full year increments. (See statute provision: "Credit for the last year or portion of the year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."). This statutory language makes clear that I am entitled to 54 days X 7 years+ 378 days good time credits + 1/4 of 54 days=13 days for a total of 391 days of good time credits. Please have my Data Sheet amended to reflect this accurate interpretation of 18 USC §3624(b)(1). Program Statement 5880.28 is not a correct statement of the law and violates my rights.

| DECEMBER 10, 2004 | *(signature)* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**



| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: 362231-F1

CASE NUMBER: _____

**Part C– RECEIPT**

| Return to: | | | | |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP-229(13)
APRIL 1982

USP LVN

FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS
RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #362231-F1

This is in response to your Request for Administrative Remedy wherein you complain your federal sentence is incorrectly computed to the extent that you are not receiving Good Conduct Time (GCT) consistent with Title 18 U.S.C. 3624 (b).   You request additional GCT be awarded to your federal sentence.
Section 3624(b) states in pertinent part: . . . a prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . . credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

The Bureau has implemented the language of 3624(b) by promulgation of policy 28 CFR 523.20 and P.S. 5880.28, Sentence Computation Manual (CCCA of 1984).  The Bureau has interpreted section 3624(b) to permit the Bureau to award GCT only for time actually served rather than on the time imposed. This interpretation has been upheld in two judicial circuits.

Based on the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

_____          _____
David L. Winn, Warden                                Date

# DOCUMENT 1f

Case 1:05-cv-10055-RCL   Document 2   Filed 03/09/2005   Page 36 of 43

```
   DEVAA                                                                    6-2005
PAGE 001                                                                  15:16:44
        FUNCTION: LST SCOPE: REG     EQ 22512-039    OUTPUT FORMAT: FULL_____
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ _____ _____ _____ _____ _____ _____ _____ _____ _____
EXTENDED: _ REMEDY LEVEL: _ _         RECEIPT: _ _ _  "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____
TRACK:  DEPT:  _____  _____  _____  _____  _____  _____
       PERSON:  ___
        TYPE:  ___
EVNT FACL: EQ ___
RCV FACL.: EQ ___
RCV UN/LC: EQ ___
RCV QTR..: EQ _____
ORIG FACL: EQ ___
ORG UN/LC: EQ ___
ORIG QTR.: EQ _____


G0002       MORE PAGES TO FOLLOW . . .
```

Case 1:05-cv-10005-RCL Document 14-2 Filed 03/09/2005 Page 37 of 43 6-2005

```
REGNO: 22512-039 NAME: CHILINGIRIAN, JACK
RSP OF...: DEV UNT/LOC/DST: I UNIT                QTR.: I01-043L   RCV OFC: MCK
REMEDY ID: 234659-F1        SUB1: 19AC SUB2:      DATE RCV:   02-26-2001
UNT RCV..: F               QTR RCV.: F03-101L     FACL RCV: MCK
UNT ORG..: F               QTR ORG.: F03-101L     FACL ORG: MCK
EVT FACL.: MCK    ACC LEV:  MCK  1 NER  1 BOP  1   RESP DUE:  SUN  03-18-2001
ABSTRACT.: RECONSIDER DECISION ON DENYING SOCIAL FURLOUGH
STATUS DT: 03-14-2001  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:        RCT: P EXT:   DATE ENTD: 03-09-2001
REMARKS..:
```

G0002        MORE PAGES TO FOLLOW . . .

05-CV-10005-RCL  DOCUMENT 44-2  RAI FILED 03/09/2005  AL  PAGE 38 OF 43 6-2005
*                                                        *        15:16:44

REGNO: 22512-039 NAME: CHILINGIRIAN, JACK
RSP OF...: DEV UNT/LOC/DST: I UNIT            QTR.: I01-043L   RCV OFC: NER
REMEDY ID: 234659-R1       SUB1: 19AC SUB2:   DATE RCV:   03-19-2001
UNT RCV..: F              QTR RCV.: F03-101L   FACL RCV: MCK
UNT ORG..: F              QTR ORG.: F03-101L   FACL ORG: MCK
EVT FACL.: MCK    ACC LEV:  MCK  1 NER  1 BOP  1   RESP DUE:  WED  04-18-2001
ABSTRACT.: RECONSIDER DECISION ON DENYING SOCIAL FURLOUGH
STATUS DT: 04-16-2001   STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:            RCT: P EXT:   DATE ENTD: 03-21-2001
REMARKS..:


G0002        MORE PAGES TO FOLLOW . . .

```
REGNO: 22512-039 NAME: CHILINGIRIAN, JACK
RSP OF...: DEV UNT/LOC/DST: I UNIT              QTR.: I01-043L   RCV OFC: BOP
REMEDY ID: 234659-A1      SUB1: 19AC SUB2:      DATE RCV:   05-01-2001
UNT RCV..: F             QTR RCV.: F03-101L     FACL RCV: MCK
UNT ORG..: F             QTR ORG.: F03-101L     FACL ORG: MCK
EVT FACL.: MCK    ACC LEV:  MCK  1 NER  1 BOP  1   RESP DUE:  SAT  06-30-2001
ABSTRACT.: RECONSIDER DECISION ON DENYING SOCIAL FURLOUGH
STATUS DT: 06-07-2001   STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:          RCT: P EXT: P DATE ENTD: 05-04-2001
REMARKS..:
```

G0002        MORE PAGES TO FOLLOW . . .

REGNO: 22512-039 NAME: CHILINGIRIAN, JACK
RSP OF...: DEV UNT/LOC/DST: I UNIT                QTR.: I01-043L   RCV OFC: DEV
REMEDY ID: 362231-F1        SUB1: 31ZM SUB2:      DATE RCV:   12-20-2004
UNT RCV..: I UNIT        QTR RCV.: I01-043L       FACL RCV: DEV
UNT ORG..: I UNIT        QTR ORG.: I01-043L       FACL ORG: DEV
EVT FACL.: DEV     ACC LEV:  DEV  2 NER  2        RESP DUE:
ABSTRACT.: GOOD CONDUCT TIME CREDIT RECALCULATION
STATUS DT: 12-21-2004  STATUS CODE: REJ STATUS REASON: CON RSF
INCRPTNO.:           RCT:   EXT:   DATE ENTD: 12-21-2004
REMARKS..:


G0002        MORE PAGES TO FOLLOW . . .

```
REGNO: 22512-039 NAME: CHILINGIRIAN, JACK
RSP OF...: DEV UNT/LOC/DST: I UNIT              QTR.: I01-043L   RCV OFC: DEV
REMEDY ID: 362231-F2      SUB1: 31ZM SUB2:      DATE RCV:   12-27-2004
UNT RCV..: I UNIT         QTR RCV.: I01-043L    FACL RCV: DEV
UNT ORG..: I UNIT         QTR ORG.: I01-043L    FACL ORG: DEV
EVT FACL.: DEV   ACC LEV: DEV  2 NER  2         RESP DUE:  SAT  02-05-2005
ABSTRACT.: GOOD CONDUCT TIME CREDIT RECALCULATION
STATUS DT: 01-26-2005  STATUS CODE: CLD STATUS REASON: DNY
INCRPTNO.:             RCT: P EXT: P DATE ENTD: 12-29-2004
REMARKS..:
```

                  CURRENT INVESTIGATIVE AND RELIEF TRACKING DATA

| DATE DUE | DEPARTMENT | TO | DATE ASSN | TRK TYPE | DATE RETURNED |
|----------|------------|-----|-----------|----------|---------------|
| THU 01-06-2005 | ISM | AA | 12-30-2004 | INV | 01-20-2005 |
| THU 01-20-2005 | EXEC ASST | MH | 01-20-2005 | INV | 01-21-2005 |
| FRI 01-21-2005 | CEO | DLW | 01-21-2005 | SIG | 01-21-2005 |

G0002      MORE PAGES TO FOLLOW . . .

Case 1:05-cv-10005-RCL   Document 24-2   Filed 03/09/2005   Page 42 of 43

```
REGNO: 22512-039 NAME: CHILINGIRIAN, JACK
RSP OF...: DEV UNT/LOC/DST: I UNIT                QTR.: I01-043L   RCV OFC: NER
REMEDY ID: 362231-R1        SUB1: 31ZM SUB2:      DATE RCV:   02-03-2005
UNT RCV..: I UNIT        QTR RCV.: I01-043L      FACL RCV: DEV
UNT ORG..: I UNIT        QTR ORG.: I01-043L      FACL ORG: DEV
EVT FACL.: DEV      ACC LEV:  DEV  2 NER  2          RESP DUE:
ABSTRACT.: GOOD CONDUCT TIME CREDIT RECALCULATION
STATUS DT: 02-04-2005  STATUS CODE: REJ STATUS REASON: IRQ RSR
INCRPTNO.:             RCT:   EXT:   DATE ENTD: 02-04-2005
REMARKS..: YOU MUST PROVIDE A COPY OF THE WARDEN'S RESPONSE.




G0002      MORE PAGES TO FOLLOW . . .
```

Case 1:05-cv-10005-RCL Document 14-2 Filed 03/09/2005 Page 43 of 43

```
REGNO: 22512-039 NAME: CHILINGIRIAN, JACK
RSP OF...: DEV UNT/LOC/DST: I UNIT           QTR.: I01-043L   RCV OFC: NER
REMEDY ID: 362231-R2       SUB1: 31ZM SUB2:  DATE RCV:   02-10-2005
UNT RCV..: I UNIT      QTR RCV.: I01-043L     FACL RCV: DEV
UNT ORG..: I UNIT      QTR ORG.: I01-043L     FACL ORG: DEV
EVT FACL.: DEV     ACC LEV:  DEV  2 NER  2      RESP DUE:  SAT  03-12-2005
ABSTRACT.: GOOD CONDUCT TIME CREDIT RECALCULATION
STATUS DT: 02-10-2005  STATUS CODE: ACC STATUS REASON:
INCRPTNO.:         RCT: P EXT:   DATE ENTD: 02-10-2005
REMARKS..:
```

```
              7 REMEDY SUBMISSION(S) SELECTED
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

# Exhibit 1

Not Reported in F.Supp.2d

2004 WL 1247813 (N.D.N.Y.)
**(Cite as: 2004 WL 1247813 (N.D.N.Y.))**
**c**

Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Charles T. PASCIUTI, Petitioner,
v.
Daryl DREW, in his capacity as Warden of the Federal
Correctional Institution
at Ray Brook, New York, Respondent.
No. 9:04-CV-043(LEK).

June 2, 2004.
Alan P. Caplan, Office of Alan P. Caplan, San
Francisco, CA, for Petitioner.

Charles E. Roberts, Office of the United States
Attorney, Syracuse, NY, for Respondent.

*MEMORANDUM--DECISION and ORDER*

KAHN, J.

### I. BACKGROUND

*1 Charles Pasciuti ("Pasciuti" or "Petitioner") is
serving a 180 month sentence as an inmate at the
Federal Correctional Institution at Ray Brook, New
York for his role in a conspiracy to distribute a
controlled substance. Petitioner has been incarcerated
since October 3, 1991, and his 15 year sentence would
expire on October 1, 2006. Applying credit for good
conduct time ("GCT") to Petitioner's sentence, the
Bureau of Prisons ("BOP") has set his release date as
October 26, 2004.

Pasciuti alleges that the BOP has incorrectly
calculated the amount of GCT to which he is entitled
under 18 U.S.C. § 3624(b). Pursuant to 28 U.S.C. §
2241, and after exhausting his administrative remedies,
Pasciuti filed the instant habeas petition, asking the
Court to alter BOP's GCT calculation and order his
release date to be set at July 11, 2004. In addition to
his filing a habeas petition, Petitioner has also filed a
motion for a preliminary injunction, which requested
similar relief, namely, his release from Ray Brook on
July 11, 2004. [FN1]

> FN1. As the Court will now address the
> merits of his habeas petition, in advance of
> the potential July 11, 2004 release date, the
> preliminary injunction motion that was filed
> on the same grounds is denied and will not be
> separately addressed.

### II. DISCUSSION
(a) 18 U.S.C. § 3624(b)

BOP's calculation of GCT is based upon the
Congressional mandate in 18 U.S.C. § 3624(b) which
reads: [FN2]

> FN2. The statute has been amended during
> Petitioner's incarceration. The Court cites the
> statute as it appeared when Petitioner was
> first sentenced. The amendments did not alter
> the phraseology at issue here, nor do they in
> any way alter the Court's decision.

(b) Credit toward service of sentence for
satisfactory behavior.
(1) ... [A] prisoner who is serving a term of
imprisonment of more than 1 year ... shall receive
credit toward the service of his sentence, beyond
the time served, of up to 54 days at the end of each
year of his term of imprisonment, beginning at the
end of the first year of the term, unless [BOP]
determines that, during that year, he has
satisfactorily complied with ... institutional
regulations.... If the Bureau determines that, during
that year, the prisoner has not satisfactorily
complied with such institutional regulations, he
shall receive no such credit toward service of his
sentence or shall receive such lesser credit as
[BOP] determines to be appropriate. [BOP]'s
determination shall be made within fifteen days
after the end of each year of the sentence. Such
credit toward service of sentence vests at the time
it is received. Credit that has vested may not later
be withdrawn, and credit that has not been earned
may not later be granted. Credit for the last year or
portion of a year of the term of imprisonment shall
be prorated and credited within the last six weeks
of the sentence.

The parties construe this statute differently, which
forms the basis of the instant petition. Petitioner
contends that by using the phrase "term of
imprisonment", a legal term of art, in § 3624(b),
Congress intended to allot 54 days of GCT for each
year of an inmate's *sentence,* not merely the time he has
*served.* Therefore, Petitioner asserts that his total GCT
is calculated by multiplying his total sentence of 15
years by 54, the number of days GCT awarded under
the statute for each "year of the prisoner's term of
imprisonment," which results in 810 days of GCT and
his release on July 11, 2004.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
(Cite as: 2004 WL 1247813, *2 (N.D.N.Y.))

**\*2** BOP calculates Petitioner's GCT differently. At the end of each year of imprisonment, for his good conduct during that year of incarceration, BOP has awarded Petitioner 54 days of GCT. Therefore, as of October 1, 2004 he will have vested 648 days of GCT for each of 12 years he has served. [FN3] After applying the credit of 648 GCT days to his 15 year sentence, on October 1, 2004, Petitioner will have less than one year remaining on his sentence. Petitioner will then be awarded GCT of 3 days, a prorated amount of GCT for the duration of his sentence which is less than a full year.

> FN3. This assumes BOP determines that Petitioner complied with institutional regulations from October 1, 2003--October 1, 2004, and is thus entitled to 54 days GCT in this year.

One district judge has explained the dispute as follows:

> [T]he pivotal clause in § 3624(b) is the one stating than an inmate may earn up to 54 days of good conduct time "at the end of each year of the prisoner's term of imprisonment." That clause raised the question whether the phrase "term of imprisonment" means "sentenced [sic] imposed" or "time served." If "term of imprisonment" refers to the sentence, an inmate's maximum potential good conduct time could be calculated by multiplying 54 days by the number of years in the sentence.... However, if a term of imprisonment is defined by the inmate's actual time served, the number of good time credits that could be earned would be reduced and a more complicated calculation would be required because an inmate that earns good time will not actually serve his full sentence.

> *White v. Scibana,* 2004 U.S. Dist. LEXIS 7257, \* 6-7 (W.D.Wis. April 23, 2004).

Petitioner contends that allotting him 54 days for each year *served,* as opposed to each year of his imprisonment to which he was *sentenced,* has resulted in GCT of only 47 days per year, in violation of § 3624(b). [FN4] Pasciuti asks this Court to hold that BOP's decision, that he be granted only 47 days of GCT, violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551-559, because BOP did not merely interpret the statute, but rather made a unilateral "legislative" decision, which it cannot do.

> FN4. Petitioner continually refers to BOP's award of only 47 days of GCT per year. He arrives at this number by dividing 705 days of GCT that BOP contends he is entitled to, by

Petitioner's full 15 year sentence, to render 47 days GCT per year.

Petitioner also contends that, even if BOP's determination did not violate the APA, the calculation method, published as BOP's Sentence Computation Manual and as BOP Program Statement 5880.28, is contrary to the clear and unambiguous intent of Congress expressed in § 3624(b), which measures GCT against the "term of imprisonment" and not the "time served."

(b) Administrative Procedure Act

Petitioner first alleges that the decision to award only 47 days GCT amounted to a legislative determination, rather than merely an interpretative one, and that as such, it must be subjected to the APA's notice and comment procedure. Because the BOP calculation formula did not pass through this procedure, Petitioner asks this Court to set it aside.

(1) *Legislative and Interpretive Rules*

A rule or decision which amounts to a legislative determination must be submitted to the APA's notice and comment procedural requirements. 5 U.S.C. § 553. However, an agency's interpretive decision is exempt from these procedures. 5 U.S.C. § 553(b)(A). Courts have had to delineate between "interpretive" and "legislative" rules, because the APA does not. *See, e.g., Sweet v. Sheahan,* 235 F.3d 80, 90 (2d Cir.2000). The Second Circuit has stated "that legislative rules are those that create new law, right, or duties, in what amounts to a legislative act." *N.Y. State Elec. & Gas. Corp. v. Saranac Power Partners L.P.,* 267 F.3d 128, 131 (2d Cir.2000) (internal quotations omitted). Interpretative rules, however, "do not create rights, but merely clarify an existing statute or regulation." *Id.* (internal quotations and citations omitted).

**\*3** BOP's decision on how to calculate GCT did not amount to a legislative determination. Rather, the BOP decision to award GCT was interpretative of § 3624(b), determining only *when* BOP must credit an inmate with his 54 days GCT.

In an effort to make BOP's calculation appear legislative, Petitioner continually states that BOP has awarded him only 47 days of GCT per year, instead of the 54 days contemplated under the statute. Petitioner arrives at this number by dividing the number of GCT days that BOP will award him under the BOP calculation method, 705 days of GCT, by Petitioner's

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                    Page 3
**(Cite as: 2004 WL 1247813, \*3 (N.D.N.Y.))**

full 15 year sentence, to render 47 days GCT per year. Such a calculation makes it appear as though an inmate has been deprived of 7 days of GCT time each year, potentially indicating that a substantive right has been lost. However, this mischaracterizes the BOP calculation.

It is possible that, with credit of GCT, a prisoner will have been sentenced to years he will not be required serve. [FN5] But, § 3624(b) orders that GCT is credited only "at *the end of each year* of his term of imprisonment" (emphasis added). BOP's calculation adheres to this Congressional mandate. It does not award inmates 54 days of GCT for years included in their initial sentences which are not ultimately served, because the time for awarding those days, at the *end of the year* of imprisonment, never arises for those years that are not served. The basis of the BOP calculation is the language chosen by Congress in § 3624(b), which directs GCT credit be given at the end of each year. Hence, the calculation is based on Congress' legislative decision, not the BOP's.

> FN5. For example, once an inmate has served 7 years, if he was awarded all of his possible 54 days of GCT at the completion of each year, his sentence is reduced by a total of 378 days. His 378 days of GCT means that he will be released before serving more than a full year of his sentence, and as such, will not receive 54 days of GCT for that year that he has not served.

### (2) *28 C.F.R. 523.20*

Petitioner notes several regulations that were promulgated through the APA's notice and comment procedure and address the substance of Congress' mandate under § 3624(b), including 28 CFR 523 .20, published in the Federal Register at 62 FR 50786. This regulation specified that pursuant to 18 U.S.C. § 3624(b), BOP "shall award ... 54 days credit for each year *served* prorated when the time served by the inmate for the sentence during the year is less than a full year if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma...." 28 C.F.R. 523.20 (emphasis added).

In *Pacheco-Camacho v. Hood,* 272 F.3d 1266 (9th Cir.2001), *cert. denied* 535 U.S. 1105, 122 S.Ct. 2313, 152 L.Ed.2d 1067 (2002), the Ninth Circuit relied partly on 28 C.F.R. 523.20, and the properly promulgated notice and comment procedure that preceded it, as a basis for upholding the BOP's

determination that GCT be awarded on the basis of time *served.* Because this regulation was promulgated in accordance with the procedures of the APA and stated that 54 days of GCT would be awarded only for time served, the court applied Chevron deference and upheld the BOP interpretation as a reasonable interpretation of the statute.

Petitioner criticizes the Ninth Circuit's reliance on 28 C.F.R. 523.20, calling it a "very obscure and highly indirect reference" to the determination that GCT should be measured against time served, rather than sentence imposed. (Dkt. No. 1: petitioner's Memo. of Law at 17). Petitioner posits that this regulation, although properly promulgated, could not serve as a basis for awarding only 47 days of GCT because it was published more than five and a half years *after* publication and dissemination of Program Statement 5880.28, which first announced the BOP's GCT calculation method.

**\*4** Petitioner's criticism is inconsequential here. As explained above, the BOP's method of calculating GCT is interpretive of the statute and not a legislative determination, and therefore a regulation promulgated with the APA's notice and comment procedure was not required before the BOP could apply its GCT calculation method.

### (c) Congressional intent in 18 U.S.C. § 3624(b)

Petitioner also claims that even if BOP did not violate the APA, its calculation method is contrary to the clear and unambiguous intent of Congress expressed in § 3624(b), and therefore it should be set aside. Petitioner's position is contrary to that of several courts. *See Brown v. Hemingway,* 53 Fed. Appx. 338 (6th Cir.2002) (unpublished decision), *Williams v. Lamanna,* 20 Fed. Appx. 360 (6th Cir.2001) (unpublished decision), *Martinez v. Wendt,* 2003 WL 22456808 (N.D.Tex.) (Mag. Report and Recommendation), *adopted by the district court* 2003 WL 22724755 (N.D.Tex.2003) (all holding that the BOP's interpretation of § 3624(b) based on time served was reasonable).

A court accords substantial deference to an agency's interpretation of a statute it is entrusted to administer. *Brissett v. Ashcroft,* 363 F.3d 130, 133 (2d Cir.2004) (citing to *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Diallo v. I.N.S.,* 232 F.3d 279, 285 (2d Cir.2000)). "In such circumstances, where the relevant statutory provision is silent or

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
(Cite as: 2004 WL 1247813, *4 (N.D.N.Y.))

Page 4

ambiguous, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Id.* (citing *Sutherland v. Reno,* 228 F.3d 171, 174 (2d Cir.2000)).

*(1) Ambiguity in 18 U.S.C. § 3624(b)*

Under *Chevron,* the Court must first determine whether the phrase "term of imprisonment" is ambiguous in the statute. Petitioner asserts that by using the phrase "term of imprisonment" in § 3624(b), the statute is not ambiguous because the phrase "has a well-established meaning--the period of time imposed in the sentencing court's judgment, and not actual time in custody." (Petitioner's memo at 30). Therefore, Petitioner asks this Court to hold that Congress' directive is clear--inmates must receive 54 days GCT for each year of their *sentence,* not of their *service* .

However, this contention is the exact opposite of the conclusion reached by the Ninth Circuit. In *Pacheco,* the court held that "term of imprisonment" is ambiguous and explained that "the language of section 3624(b) does not make clear whether the sentence imposed or the time served" should be the basis for awarding GCT. *Pacheco,* 272 F.3d at 1269. The court then looked to the legislative history, which lent "additional support to the BOP's regulation." *Id.*

To dispute the Ninth Circuit's analysis, Petitioner relies on *White v. Scibana,* 2004 U.S.Dist. LEXIS 7257 (W.D.Wis.2004). In *White,* the court disagreed with *Pacheco,* and held that " § 3624(b) is unambiguous: 'term of imprisonment' means 'sentence imposed." ' *Id.* at *2. The court recognized that "term of imprisonment" is a "legal term of art that Congress has employed in dozens of statutes ... Throughout these statutes, Congress has uniformly used 'term of imprisonment' as a synonym for 'sentence." ' *Id.* at *11. However, this Court disagrees with the *White* court's, and now Petitioner's analysis, as such reasoning focuses solely on the phrase "term of imprisonment."

**\*5** Accepting the rationale of Petitioner and the *White* court leads to an inconsistency in the statute. As explained above, if GCT was awarded based on the term of imprisonment imposed by the sentencing judge, an inmate may be awarded GCT for years on his initial sentence that he is not required to serve. However, BOP is then faced with a dilemma. The statute directs BOP to credit GCT at "the end of each year of the prisoner's term of imprisonment." § 3624(b). The question that arises is as follows: Because the statute

requires BOP to award GCT at the *end* of a year of imprisonment, then when is that credit vested if a year of imprisonment is never actually served? [FN6]

> FN6. The question of when GCT vests is particularly important to this federal scheme, because it is only once GCT vests that it cannot be taken away. *See* 18 U.S.C. § 3624(b).

*(2) Determination of whether BOP's interpretation of § 3624(b) is reasonable*

Having found that the phrase "term of imprisonment", as it is used in the statute, is ambiguous, the Court must next determine only whether BOP's interpretation "is based on a permissible construction of the statute." *Chevron,* 467 U.S. at 843; *Pacheco,* 272 F.3d at 1270. Deference is due to BOP even though its method of calculation is only expressed in a Program Statement and not in a promulgated regulation:

> [T]he [BOP]'s interpretation is the most natural and reasonable reading of § 3585(b)'s "official detention" language. It is true that the [BOP]'s interpretation appears only in a "Program Statemen[t]"--an internal agency guideline--rather than in "published regulations subject to the rigors of the [APA], including public notice and comment." 21 F.3d at 562. But, BOP's internal agency guideline, which is akin to an "interpretive rule" that "do[es] not require notice and comment," *Shalala v. Guernsey Memorial Hospital,* 514 U.S. 87, 99, 115 S.Ct. 1232, 1239, 131 L.Ed.2d 106 (1995), is still entitled to some deference, cf. *Martin v. Occupational Safety and Health Review Comm'n,* 499 U.S. 144, 157, 111 S.Ct. 1171, 1179, 113 L.Ed.2d 117 (1991), since it is a "permissible construction of the statute[.]" *Chevron,* 467 U.S. at 843.
>
> *Reno v. Koray,* 515 U.S. 50, 60-61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995).

Although the phrase "term of imprisonment" is ambiguous as it is used in the statute, the overall directive of Congress is not easily disguised. *See id.* at 56. BOP's interpretation is not only reasonable, but is in fact the only logical one there is. The statute awards GCT based upon BOP's determination that "during that year" the prisoner complied with institutional disciplinary regulations. Such a directive requires that the prisoner has been incarcerated during that year so that his compliance may be measured. Therefore, granting GCT for years that will not be served is illogical, because compliance with disciplinary rules

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                          Page 5
**(Cite as: 2004 WL 1247813, \*5 (N.D.N.Y.))**

during those years is not possible.

 Moreover, in *Pacheco,* the court explained why the inmate's position, the same one Petitioner now asserts, was unreasonable:

> Instead of a prorated portion, Pacheco wants the entire fifty-four days of credit--even though he never served the full 365 days. Whereas the model prisoner will ordinarily receive his fifty-four-day credit after complying with prison disciplinary rules for 365 days, under Pacheco's reading, a prisoner who serves 311 days would receive the same number of credits for exhibiting good behavior over only eighty-five percent of the year. Pacheco's interpretation would therefore confer upon the prisoner a bonus during his last year of imprisonment. Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year. *Id.* at 1268-69.

**\*6** BOP's determination reasonably interprets the Congressional mandate of § 3624(b). BOP's calculation affords inmates their full 54 days of GCT, credited at the end of every year, which results in no GCT credit for years of an inmate's sentence that are not served. Such an interpretation is reasonable, and perhaps inevitable, given the directive of § 3624(b) that GCT be credited "at the *end* of each year of the prisoner's term of imprisonment."

 (3) *Rule of lenity does not apply*

 Finally, Petitioner contends that the rule of lenity dictates that any statutory ambiguity must be resolved in his favor. (Dkt. No. 1: Petitioner's Memo. of Law at 38). He claims that, because his reading of the statute is more favorable to those incarcerated, it should prevail.

 "The rule of lenity ensures that the penal laws will be sufficiently clear, so that individuals do not accidentally run afoul of them and courts do not impose prohibitions greater than the legislature intended." *Pacheco,* 272 F.3d at 1271 (citing *United States v. Bass,* 404 U.S. 336, 347-48, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971)). "The rule 'applies not only to

interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose." ' *Id.* (quoting *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980).

 As explained above, the phrase "term of imprisonment" is ambiguous in the statute at issue. While the phrase has become a legal term of art meaning "years of sentence", as used in other criminal statutes, this does not lend ambiguity to the entire statute. Rather, Congress' intent can be easily understood from the overall statutory scheme. *See Reno v. Koray,* 515 U.S. at 56 ("Viewing the phrase ["official detention"] in isolation, it may be said that either reading is plausible. But it is a fundamental principle of statutory construction (and, indeed, of the language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.") (internal citations and quotations omitted). Because inconsistencies would arise if "term of imprisonment" were read as "sentence", Congress could only have intended the phrase to be used to mean years that an inmate is actually imprisoned. Therefore, while there is ambiguity stemming from the meaning of one phrase in the statute, when viewed in its entirety, § 3624(b) is not ambiguous and the rule of lenity does not apply.

III. CONCLUSION
For the reasons set forth above, it is hereby

 ORDERED that Pascuiti's motion for a preliminary injunction is DENIED; and it is further

 ORDERED that Pascuiti's petition pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED; and it is further

 ORDERED that the Clerk serve a copy of this Order on all parties.

 IT IS SO ORDERED.

 2004 WL 1247813 (N.D.N.Y.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.