## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JACK C. CHILINGIRIAN,

       Petitioner

       V.

                                   Civil File No. 05-10005-RCL

DAVID L. WINN, Warden, FMC Devens,

       Respondent.

-----------------------------------------------------------------------/

### DECLARATION OF JACK C. CHILINGIRIAN

I, JACK C. CHILINGIRIAN, hereby make the following declaration:

1. I was prior to March 24, 2005, a Federal Inmate incarcerated at the Federal Medical Center, Camp Devens, in Ayer, Massachusetts.

2. I have read the Declaration of Stepahnie Scannell which was attached to the Respondents Motion to Dismiss and make this Declaration to contradict and dispute those facts which are inaccurate in her declaration and further state as follows:

   (a)  On November 23, 2004, I received from Staff at Camp Devens a Sentencing Monitoring Computation Data Sheet. (EX. 1 ATTACHED).

   (b)  On November 29, 2004, I directed an Inmate Request to Staff to the Unit Manager and Camp Counsellor seeking a correction of the computation of my Good Time Credits (GTC). On November 30, 2004, I was advised by the Counsellor to send the "cop-out" to the Records Dept. (EX. 2 ATTACHED).

   (c )  On December 1, 2004, I directed an Inmate Request to Staff to the Records Dept., seeking the correction of my GTC. No response was forthcoming. (EX. 3 ATTACHED).

   (d)  On December 8, 2004, I submitted an Informal Resolution Form BP-8 ½ to the Counsellor asking that a recalculation of my GTC be made by the BOP. (EX. 4 ATTACHED).

(e)    On December 9. 2004, I received the response from the Counsellor to the BP- 8 ½.    ( A copy of that response is  Attached as EX.  5 ).

(f)    On December 10, 2004, I directed a BP-9 Appeal to the Office of David L. Winn, Warden of FMC Devens, Respondent in the above captioned matter.  ( EX. 6  ATTACHED ).

(g)    On December 21, 2004, some 11 days after submitting the BP-9, it was returned to me as being rejected because it had not been submitted to thur the Counsellor's office. ( EX.  7  ATTACHED ).

(h)    On December 23, 2004, the BP-9 was re-submitted to the Warden with the explanation that it had "originally" been delivered to the Warden directly using the Prison Mail System.  ( EX. 8 ATTACHED).

( i )    On December 30, 2004, Petitioner received an acknowledgement that the Administrative Remedy Request had been received and that the date for response was January 16, 2005.  ( EX.  9 ATTACHED).

(j.)    On January 19, 2005, a request for extension of time thru February 5, 2005 to reply to the BP-9 was sent to the Petitioner.  ( EX. 10  ATTACHED).

(k)    On January 21, 2005, the Respondent Warden denied the BP-9.  (EX. 11  ATTACHED).

(l )    On January 31, 2005 a BP-10 was mailed to the Regional Director's Office in Philadelphia, Pennsylvania.  ( EX. 12 ATTACHED).

(m)    On  February 4, 2005, a Rejection Notice was sent to the Petitioner indicating that he had failed to provide a copy of the BP-9 with his BP-10 Appeal.  ( EX. 13 ATTACHED).

(n)    On February 7, 2005, Petitioner re-submitted the BP-10 with a copy of the Warden's denial included.  ( EX. 14  ATTACHED).

(o)    On February 10, 2005 the Regional Director's Office acknowledged receipt of the BP-10 and indicated that a response was due by March 12, 2005.  ( EX. 15  ATTACHED).

(p)    On March 3, 2005, the Regional Director denied the BP-10.  ( EX.'s  16 & 17 ATTACHED).

(q)    On March 9, 2005, I submitted the BP-11 Appeal to the Office of General Counsel in Washington, D.C. ( EX.  18 ATTAXHED).

( r )  As of the date of the submission of this Declaration, I have not received notification of the status of the BP-11 from the Office of General Counsel. However, on April 14, 2005 a letter was directed to his offices seeking notification of what decision has been made as to the BP-11. ( EX. 19 ATTACHED).

(s)    As evidenced by the attached Exhibits it is clear that the Administrative Remedy process is being improperly delayed by the BOP, and that the ultimate result in the disposition of his appeal will be the same for the Petitioner as for all other inmates who have sought recalculation of their GTC.  Such request has been previously denied and will also be denied to the Petitioner in the instant case.

(t)    Further, other inmates at Camp Devens who have previously utilized the Administrative Remedy Process seeking recalculation of their GTC, specifically:   William Potts, III, Paul Arguin and Kevin Meneilly, but not limited to these inmates, have all been denied such relief. There is no likelihood that Petitioner will receive any different treatment, thereby making the administrative remedy process not only a sham, red-herring, but in the instant case a futile act on the part of the Petitioner.


I, Declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. Sec. 1746.

Executed this ___ day of _____,2005.



JACK C. CHILINGIRIAN, Petitioner

-3-

```
  DEVA8  540*23 *           SENTENCE MONITORING            *     11-23-2004
PAGE 001         *          COMPUTATION DATA               *     08:12:22
                            AS OF 11-23-2004

REGNO..: 22512-039 NAME: CHILINGIRIAN, JACK


FBI NO...........: 851402DB8           DATE OF BIRTH: 04-09-1943
ARS1.............: DEV/A-DES
UNIT.............: I UNIT               QUARTERS.....: I01-043L
DETAINERS........: NO                   NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 11-09-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  05-09-2006 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: MICHIGAN, EASTERN DISTRICT
DOCKET NUMBER...................: CR96-80670-3
JUDGE...........................: O'MEARA
DATE SENTENCED/PROBATION IMPOSED: 10-18-1999
DATE COMMITTED..................: 01-17-2000
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $50.00          $00.00          $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $335,167.50

-------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  548
OFF/CHG: CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS
         T18:1956(A)(1)(A)(L), 1956(S)(1)(B)(L), & 1956(H)

 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   37 MONTHS
 TERM OF SUPERVISION............:    2 YEARS
 NEW SENTENCE IMPOSED...........:   87 MONTHS
 BASIS FOR CHANGE...............: RULE 35 GOVERNMENT APPEAL
 CLASS OF OFFENSE...............: CLASS C FELONY
 DATE OF OFFENSE................: 10-31-1996




G0002     MORE PAGES TO FOLLOW . . .
```

EXHIBIT  "/"

```
  DEVA8  540*23 *                SENTENCE MONITORING              *    11-23-2004
PAGE 002 OF 002 *                COMPUTATION DATA                 *    08:12:22
                                 AS OF 11-23-2004

REGNO..: 22512-039 NAME: CHILINGIRIAN, JACK



-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 06-13-2002 AT MCK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-17-2000
TOTAL TERM IN EFFECT............:   87 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS     3 MONTHS
EARLIEST DATE OF OFFENSE........: 10-31-1996

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    04-23-1997     04-23-1997

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 341
TOTAL GCT EARNED................: 216
STATUTORY RELEASE DATE PROJECTED: 05-09-2006
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 04-15-2007


PROJECTED SATISFACTION DATE.....: 05-09-2006
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS........: V/S TO FPC MCKEAN ON 01-17-2000.
```

```
SC055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

**INMATE REQUEST TO STAFF**          DATED:  NOVEMBER 29, 2004

TO:    MS. ADAMS/MR. LARKIN        FROM:    JACK C. CHILINGIRIAN 22512-039

RE:    Calculation of Good Time Credits

MR. LARKIN:

I recently made a request for my Sentence Monitoring Computation Sheet.
On November 23, 2004 I was provided with a copy of my Data Sheet. It
reflects a total number of days of Good Time Credits which I would
receive upon completion of my sentence as **341 days.**
Pursuant to the most recent court interpretation of 18 USC §3624(b)
my total number of days of Good Time Credit should be **391 days.**
I am requesting that the BOP Recalculate my good time credits and
inform me in writing that my request for the additional good time
credits is accurate.

Thank you for your consideration in this matter.

JACK C. CHILINGIRIAN    REG # 22512-039

Send  Cop-out To The Records dept.

11/30/04

EXHIBIT "2"

**INMATE REQUEST TO STAFF**          DATE:  DECEMBER 1, 1004

TO:      RECORDS DEPARTMENT

FROM:    JACK C. CHILINGIRIAN    REG # 22512-039

RE:      CALCULATION OF GOOD TIME CREDITS

RECORD DEPARTMENT:

I recently made a request for my Sentence Monitoring Computation Sheet.
On November 23, 2004, Mr. Larkin the Counsellor provided me with a copy
of my Data Sheet.  On November 29, 2004 I directed a Inmate Request to
Staff to Ms. Adams/Mr. Larkin indicting that the number of Good Time
Credits reflected on the Data Sheet which I would receive upon completion
of my sentence was **341 days.**    In that Inmate Request to Staff I identified
that pursuant to recent Court interpretations of 18 USC §3624(b) my total
number of days of Good Time Credit should be **391 days.**   I asked that the
BOP recalculate my good time credits and to inform me that the number of
days towards my Good Time Credits would be **391 days** as opposed to the
**341** reflected on the Data Sheet.

On November 30, 2004, Mr. Larkin sent a response back to me indicating that
I should direct this Inmate Request to Staff to your department.
Thank you for your consideration to this request.

JACK C. CHILINGIRIAN    REG # 22512-039

*Jack C. Chilingirian*

EXHIBIT "3"

NAME:   **JACK C. CHILINGIRIAN**            REGISTER NUMBER:   **22512-039**

Federal Medical Center
Devens, MA

## ADMINISTRATIVE REMEDY PROCEDURES FOR INMATES
## INFORMAL RESOLUTION FORM

**NOTE TO INMATE:** You are advised that prior to receiving and filing a Request for
Administrative Remedy Form BP-9 (BP-229(13), you **must** attempt to informally resolve your
complaint through your Correctional Counselor. Briefly state **one** complaint below and **list what
efforts you have made** to resolve your complaint informally, state the **names of staff contacted,**
and the **relief that you are requesting.**

DATE FORM ISSUED AND INITIALS OF CORRECTIONAL COUNSELOR: *12/7/64 87*

Unit: *CAMP*

## INMATE'S COMMENTS:

1. Complaint:   On December 1, 2004 I sent an Inmate Request to Staff to the Records
Department seeking a recalculation of my good-time credits.  As of the date of
the submission of this Informal resolution Form no response has been forthcoming.

2. Efforts made by you to informally resolve:  I had previously requested my
Sentence Monitoring Computation Sheet on November 23, 2004 and had directed
an Inmate Request to Staff to Ms. Adams/Mr. Larkin and was informed that I
should direct the request to the Records Department.

3. Names of staff you contacted:   Mr. Larkin/Counsellor

4. Relief Requested:  Based on a number of judicial decisions the interpretation
of 18 USC §3624(b) requires my good time credits on a sentence imposed of
87 months to be 391 days rather than the 341 denoted on my data sheet.
I am asking that the BOP correct my good time credits to reflect 391 days
as opposed to 341.

Date returned to counselor:   12/8/04          *Jam P. Chilingian*

*EXHIBIT   "4"*

DEV 1330.13B
April 20, 2001
Attachment A

<u>INFORMAL RESOLUTION INSTRUCTIONS</u>:  <u>STAFF</u> MUST COMPLETE AND ATTACH THE ORIGINAL OF THIS FORM TO EACH BP-9 WHEN THE COMPLAINT CANNOT BE INFORMALLY RESOLVED.  THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM, EXCEPT THOSE APPEALING UDC ACTIONS.  INFORMAL RESOLUTION FORMS WILL NEVER BE GIVEN TO THE INMATE TO COMPLETE.

NAME: <u>CHILINGIRIAN, Jack</u>    REG. NO.: <u>22512-039</u>   UNIT: <u>J CC</u>

DATE BP-9 REQUESTED: <u>12/8/04</u>

DATE BP-9 ISSUED  : <u>12/8/04</u>

DATE BP-9 RETURNED : _____

<u>INMATE'S COMPLAINT</u>: Inmate Chilingirian complains that his good time credits calculation is incorrect.

<u>RELIEF REQUESTED</u>: Inmate Chilingirian is requesting that the BOP correct his good time credits to reflect 391 days.

<u>ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT</u>: Per Program Statement 5880.28 Good Conduct Time (GCT) is controlled by 18 U.S.C. 3624(b) - it states:

A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment............

For computation purposes, it is necessary to remember the following about subsection 3624(b):

54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year.

Your good conduct time is calculated for each year actually served, not the total term in effect. You must be in custody to receive good conduct time. You are currently earning 54 days per year.

CORRECTIONAL COUNSELOR: _____ DATE: <u>12/8/04</u>

UNIT MANAGER'S COMMENTS/ASSISTANCE:

UNIT MANAGER: _____ DATE: <u>12/8/04</u>
                acting for

                                        EXHIBIT  "5"

December 10, 2004

**TO:**   **WARDE, DAVID L. WINN**

**FROM:**   **JACK C. CHILINGIRIAN**   REG # 22512-039

RE:    BP-9  Administrative Remedy Request/Good Time Credits

David L. Winn:

Enclosed please find 4 copies of the BP-9 which I am submitting in connection with my request that the BOP recalculate my good time credits pursuant to 18 USC §3624(b)(1).

Thank you for your consideration to this request.

JACK C. CHILINGIRIAN

EXHIBIT "6"

REQUEST FOR ADMINISTRATIVE REMEDY

*B F (7/8/04*

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| | | | | |
|---|---|---|---|---|
| | | 22512-039 | I | CAMP DEVENS |
| From: | CHILINGIRIAN, JACK C. | REG. NO. | UNIT | INSTITUTION |
| | LAST NAME, FIRST, MIDDLE INITIAL | | | |

**Part A— INMATE REQUEST** This is a request that the BOP recalculate my good time credits. I have previously asked that the Sentence Monitoring Computation Sheet which reflects 341 days of Good Time Credits be corrected to reflect 391 days of Good Time Credits based upon my sentence of 87 months. Pursuant to 18 USC §3624(b) the computation made by the BOP is not an accurate interpretation of the statute.  I have submitted an Inmate Request to Staff BP-8 and a Informal Resolution Form BP-8/12 (copy attached) which have been re-jected.   Based on a number of recent judicial decisions the plain meaning of 18 USC §3624(b)(1) requires that good time credits be calculated on the length of sentence imposed not the actual time served as interpreted by the BOP. The statute referes not to "time served" but to "term of imprisonment."  The last sentence of 18 USC §3624(b)(1) recognizes that sentences are not imposed solely in full year increments. (See statute provision: "Credit for the last year or portion of the year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."). This statutory language makes clear that I am entitled to 54 days X 7 years= 378 days good time credits + 1/4 of 54 days=13 days for a total of 391 days of good time credits.  Please have my Data Sheet amended to reflect this accurate interpretation of 18 USC §3624(b)(1). Program Statement 5880.28 is not a correct statement of the law and violates my rights.

*Jack C. Chilingirian*
SIGNATURE OF REQUESTER

**DECEMBER 10, 2004**
DATE

**Part B— RESPONSE**

WARDEN OR REGIONAL DIRECTOR

DATE

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of th*

CASE NUMBER: _____

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

**Part C— RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITU

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 21, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      DEVENS FMC

TO   : JACK CHILINGIRIAN, 22512-039
       DEVENS FMC    UNT: I UNIT    QTR: I01-043L
       P.O. BOX 880
       AYER, MA 01432

FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 362231-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : DECEMBER 20, 2004
SUBJECT 1      : OTHER SENTENCE COMPUTATION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT SUBMIT YOUR REQUEST THROUGH YOUR COUNSELOR, OR
                 OTHER AUTHORIZED PERSON.

REJECT REASON 2: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

EXHIBIT "7"

TO:     WARDEN DAVID L. WINN            DATED:  DECEMBER 23, 2004

FROM:   JACK C. CHILINGIRIAN            REG # 22512-039

RE:     BP-9 ADMINISTRATIVE APPEAL CASE # 362231-F1

WARDEN WINN:

I received your Rejection Notice Dated December 21, 2004 in reference to
the above captioned BP-9 Administrative Appeal.  I think that this is an
unfair Rejection in that on December 9, 2004 I presented the completed
BP-9's to Mr. Larkin after he had signed the BP-8 1/2 and he informed me
that I should forward the BP-9 directly to you.  (This request had been
the same for other Inmate Requests to Staff which I had given to him which
had been directed to other Staff at Devens).  It has now been over two weeks
and no resolution has been forthcoming regarding the issue of good-time
credits, the subject of the BP-9 noted above.  I am respectfully asking
that an immediate response be made to the appeal so that I can proceed
promptly in completing the Administrative Remedy Process.  Thank you for
any consideration you can give to my request. (As a further aside, Mr. Larkin
will not be present at the camp until Dec. 27th. Another Staff Member is being
asked to deliver this document to your Offices ASAP).


JACK C. CHILINGIRIAN
22512-039 UNIT I (CAMP)



EXHIBIT "S"

RECEIPT - ADMINISTRATIVE REMEDY

DATE: DECEMBER 30, 2004

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      DEVENS FMC

TO  : JACK CHILINGIRIAN, 22512-039
      DEVENS FMC    UNT: I UNIT      QTR: J01-043L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 362231-F2
DATE RECEIVED   : DECEMBER 27, 2004
RESPONSE DUE    : JANUARY 16, 2005
SUBJECT 1       : OTHER SENTENCE COMPUTATION
SUBJECT 2       :
INCIDENT RPT NO:

*EXHIBIT "9"*

EXTENSION OF TIME FOR RESPONSE · ADMINISTRATIVE REMEDY

DATE: JANUARY 19, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      DEVENS FMC

TO  : JACK CHILINGIRIAN, 22512-039
      DEVENS FMC    UNT: I UNIT    QTR: I01-043L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID        : 362031-F2
DATE RECEIVED    : DECEMBER 27, 2004
RESPONSE DUE     : FEBRUARY 5, 2005
SUBJECT 1        : OTHER SENTENCE COMPUTATION
SUBJECT 2        :
INCIDENT RPT NO:

*EXHIBIT "10"*

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #362231-F1**

This is in response to your Request for Administrative Remedy wherein you complain your federal
sentence is incorrectly computed to the extent that you are not receiving Good Conduct Time (GCT)
consistent with Title 18 U.S.C. 3624 (b).   You request additional GCT be awarded to your federal
sentence.

Section 3624(b) states in pertinent part: . . . a prisoner who is serving a term of imprisonment of
more than one year, other than a term of imprisonment for the duration of the prisoner's life, may
receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days
at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year
of the term . . . credit for the last year or portion of a year of the term of imprisonment shall be
prorated and credited within the last six weeks of the sentence.

The Bureau has implemented the language of 3624(b) by promulgation of policy 28 CFR 523.20 and
P.S. 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>. The Bureau has interpreted section
3624(b) to permit the Bureau to award GCT only for time actually served rather than on the time
imposed. This interpretation has been upheld in two judicial circuits.

Based on the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of
Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets,
Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office
within 20 days of the date of this response.

David L. Winn, Warden                    Date

EXHIBIT "11"

January 31, 2005

Regional Director
Bureau of Prisons
Northeast Regional Office
U.S. Customs House
7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

RE:    Administrative Remedy Request BP-10
       #362231-F1

Dear Regional Director:

Enclosed please find the four copies of the BP-10 relative to the
above noted Administrative Remedy Request #362231-F1.

Please note that this request involves good-time credits which reflect
on my release date.  I am asking that your offices make a prompt dec-
ision relative to this request.  There has been an improper delay of
30 days by the process that took place during the initial BP-8 and
BP- 8/12 as well as the BP-9 which constitutes a violation of the
administrative remedy process.  This can be corrected by your prompt
determination of my request.

Thank you for your immediate attention to this appeal of the Warden's
decision to deny a recalculation of my good-time credits.

Sincerely,

JACK C. CHILINGIRIAN
22512-039 UNIT I (CAMP)
FEDERAL MEDICAL CENTER DEVENS
P.O. BOX 879
AYER, MA. 01432

Encl.

EXHIBIT "12"

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administra.    Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | CHILINGIRIAN, JACK C. | 22512-039 | I | CAMP DEVENS |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** This is an appeal from the denial of the BP-9 directed to Warden David L. Winn on December 10, 2004. This remedy request relates to my seeking from the BOP a recalculation of my good time credits. The BOP has computed my good time credits at 341 days based on my 87 month sentence. This is an inaccurate calculation and incorrect interpretation of 18 USC §3624(b). That statute clearly states that prisoners may receive 54 days good time credit for every year of their "term of imprisonment." The BOP's policy of allowing good conduct for only time actually "served" is contrary to the statute's plain meaning. The BOP's Program Statement 5880.28 which establishes a procedure confuses the statutory statement of a year "served" for "term of imprisonment" is inconsistent with the language of 18 USC §3624(b). As stated, the last sentence of 18 USC §3624(b)(1) recognizes that sentences are not imposed solely in full year increments such as the one imposed in my case. (7 1/3 years). This statutory language makes clear that I am entitled to 391 days of good time credits. I am asking that the BOP correctly calculate my good time credits and amend my Data Sheet to reflect the accurate number of good time credit days. Program Statement 5880.28 is not a correct statement or interpretation of the law and it violates my rights. I am requesting that the disposition of this appeal be handled promptly since the delay in the remedy process thru the BP-9 was violative of the procedures required to be followed.

JANUARY 31, 2005
DATE

JACK C.     SIGNATURE OF REQUESTER    CHILINGIRIAN

**Part B—RESPONSE**

DATE

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

REGIONAL DIRECTOR

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

SUBJECT: _____

LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 4, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO    JACK CHILINGIRIAN, 22512-039
      DEVENS FMC    UNT: I UNIT    QTR: I01-043L
      P.O. BOX 880
      AYER,  MA 01432


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 362231-R1      REGIONAL APPEAL
DATE RECEIVED  : FEBRUARY 3, 2005
SUBJECT 1      : OTHER SENTENCE COMPUTATION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR  A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : YOU MUST PROVIDE A COPY OF THE WARDEN'S RESPONSE.




EXHIBIT "13"

February 7, 2005

Regional Director
Bureau of Prisons
Northeast Regional Office
U.S. Customs House
7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

RE:    Administrative Remedy Request BP-10
       #362231-F1

Dear Regional Director:

I have received your Rejection Notice dated February 4, 2005 in
reference to the above noted BP-10 Administrative Remedy Request
that your offices had received on February 3, 2005.

Pursuant to the **REMARKS** Section at the bottom of the Rejection
Notice I am hereby including **two copies of the Warden's Response
dated 1/21/05.** Due to the unavailability of additional copies
being provided by staff here at Camp Devens and the need to proceed
on a timely basis I will assume that your notation indicating **a copy**
has been met by the inclusion of two copies.

Please proceed in responding to the BP-10. Thank you for your courtesy
in this regard.

Sincerely,


JACK C. CHILINGIRIAN
22512-039 UNIT I (CAMP)
FEDERAL MEDICAL CENTER DEVENS
P.O. BOX 879
AYER, MA. 10432

Encl.   Two Copies of Warden's Response Dated 1/21/05 and original
        documents submitted in letter dated 1/31/05 directed to
        Regional Director


EXHIBIT "14"

RECEIPT - ADMINISTRATIVE REMEDY


DATE: FEBRUARY 10, 2005


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : JACK CHILINGIRIAN, 22512-039
      DEVENS FMC     UNT: I UNIT      QTR: I01-043L


THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 362231-R2
DATE RECEIVED   : FEBRUARY 10, 2005
RESPONSE DUE    : MARCH 12, 2005
SUBJECT 1       : OTHER SENTENCE COMPUTATION
SUBJECT 2       :
INCIDENT RPT NO:

EXHIBIT "15"

CHILINGIRIAN, Jack
Reg. No. 22512-039
Appeal No. 362231-R2
Page One

---

### PART B - RESPONSE

In your appeal, you state your good conduct time (GCT) is being
calculated incorrectly.  You believe 18 U.S.C. § 3624(b) allows
you to earn 54 days of GCT per year of your sentence as imposed.
As relief, you request recalculation of your GCT.

A review of your appeal has revealed that you are serving a
sentence of 87 months for offenses you committed on October 31,
1996.  The version of § 3624(b) authorizing the Bureau to award
GCT in your case provided the following: "...[A] prisoner who is
serving a term of imprisonment of more than one year other than
[Life], may receive credit toward the service of the prisoner's
sentence, beyond the time served, of up to 54 days at the end of
each year of the prisoner's term of imprisonment, beginning at
the end of the first year of the term, subject to determination
by the Bureau of Prisons that, during that year, the prisoner has
displayed exemplary compliance with institutional disciplinary
regulations.... credit for the last year or portion of a year of
the term of imprisonment shall be prorated...."  The
interpretation of § 3624(b) by the Bureau in Program Statement
5880.28, Sentence Computation Manual CCCA, Pages 1-40 and 1-41
mirrors the statute; and states: "54 days of GCT may be earned
for each full year served on a sentence in excess of one year,
with the GCT being prorated for the last partial year."  The
statute requires credit after the actual service of a year.  The
Bureau reasonably interpreted this part of the statute as requiring
properly awarded 54 days GCT be subtracted from the remainder of
the sentence, not from the year already served.  If the Bureau
computed GCT in the manner you request as relief, then the Bureau
would violate the statutory mandate that the GCT be awarded at
the end of each year of imprisonment.  The institution correctly
determined your eligibility for GCT.  Accordingly, your appeal is
denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

EXHIBIT "16"

March 14, 2005

Regional Director
Bureau of Prisons
N.E. Regional Office
U.S. Customs House
7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

RE:    Administrative Remedy Request BP-10
       #362231-F1

Dear Regional Director:

I received two copies of the Denial of my BP-10 from your offices
which were attached to the other documents I had submitted to you
for consideration.

On March 9, 2005 I submitted my BP-11 to the Office of the General
Counsel in Washington, D.C.  However, I did not make a copy of
your denial for my records.  I would appreciate your forwarding
another copy to me at your earliest convenience.  The staff here
at Camp Devens advised that they do not get a copy of the BP-10
denial so this is the reason for my request.

I have enclosed a self-addressed postage pre-paid envelope for
your consideration.

Sincerely,

JACK C. CHILINGIRIAN
22512-039 UNIT I (CAMP)
FEDERAL MEDICAL CENTER DEVENS
P.O. BOX 879
AYER, MA. 01432

Encl.

*EXHIBIT "17"*

March 9, 2005

**Office of the General Counsel**
Administrative Remedy Section
Federal Bureau of Prisons
320 First Street N.W.
Washington, D.C. 20534

RE:   Administrative Remedy Request BP-11
      #362231-F-1

Dear General Counsel:

I am enclosing the original and one copy of the BP-11 relative to
the above noted Administrative Remedy Request #36223--F1.

Please note that when the Regional Director submitted his response the
packet which I received contained **only these two copies.**  I had for-
warded four copies to his office.

Thank you for your immediate attention to this BP-11 which is an appeal
of the Regional director's decision to deny a recalculation of my good
time credits.

Sincerely,

JACK C. CHILINGIRIAN
22512-039 UNIT I (CAMP)
FEDERAL MEDICAL CENTER DEVENS
P.O. BOX 879
AYER, MA. 01432

Encl.

EXHIBIT "18"

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball–point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-
ments must be submitted with this appeal.

From: _____

      LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.            UNIT            INSTITUTION

**Part A—REASON FOR APPEAL**

_____
            DATE                               SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
          DATE                                  GENERAL COUNSEL

SECOND COPY: REGIONAL FILE COPY

                                      CASE NUMBER: _____

**Part C—RECEIPT**

                                      CASE NUMBER: _____

Return to: _____

        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.         UNIT          INSTITUTION

SUBJECT: _____

_____
          DATE                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN

BP-231(13)
APRIL 1982