UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
JACK C. CHILINGIRIAN,            )
                                 )
    Petitioner,                  )
                                 )
v.                               )   Civ. No. 05-CV-10005-RCL
                                 )
DAVID L. WINN, WARDEN,           )
                                 )
    Respondent.                  )
_____

**RESPONDENT DAVID L. WINN'S MEMORANDUM
OF LAW IN OPPOSITION TO PETITIONER'S
<u>MOTION TO SET ASIDE ORDER OF DISMISSAL</u>**

**INTRODUCTION**

Petitioner, Jack C. Chilingirian ("Petitioner" or "Chilingirian"), moves to set aside this Court's October 6, 2005, Order dismissing the above-captioned case as moot because Petitioner was no longer in custody at the time of entry of that order. The Respondent, David L. Winn, Warden of FMC Devens, respectfully submits this Memorandum of Law in opposition to Petitioner's motion because the Court correctly dismissed the instant case, the facts underlying the instant case have changed as a result of the Petitioner's temporary release from custody, and the reopening of the case would be futile in light of the First Circuit's decision in <u>Perez-Olivo v. Chavez</u>, 394 F.3d 45, 53 (1st Cir. 2005)**.**

## STATEMENT OF FACTS

On October 18, 1999, in the United States District Court for the Eastern District of Michigan, Petitioner was sentenced to thirty-seven months for conspiracy to launder monetary instruments.  See Petition, p. 3; Declaration of FMC Devens Paralegal Specialist Trainee Stephanie J. Scannell ("Scannell Declaration") at ¶ 6b, and accompanying exhibit.[1]  As a result of a government appeal, Petitioner's sentence was later increased to 87 months.  Id.  As Petitioner was sentenced to more than one year, he was potentially eligible to receive good conduct time ("GCT") credit pursuant to 18 U.S.C. § 3624(b).

On January 3, 2005, the Petitioner, then an inmate at Federal Medical Center Devens ("FMC Devens"), filed a habeas petition claiming that the Bureau of Prisons ("BOP") miscalculated his good time credits resulting in a later projected release date than Chilingirian thought he deserved.  Petitioner asserted that the BOP incorrectly calculated his Good Conduct Time ("GCT") by substituting "years served" for "term of imprisonment" in 18 U.S.C. § 3624(b).  Petition at 4.  Petitioner specifically argued that because BOP credits GCT once a year and thereby moved back the projected release date each year, the BOP had improperly denied prisoners the ability to earn 54 days for each of their initially projected years of incarceration.  Id.  Petitioner alleged that, under the statute, he would be entitled to at least 391 days of GCT, whereas, under the BOP's

---

[1] The Scannell Declaration was previously filed with the Court in connection with the Respondent's opposition to the Petition and in support of his motion to dismiss.

interpretation of the statute, he would get 341 days.

On or about March 24, 2005, Petitioner was released from custody. See Petitioner's Motion to Set Aside at ¶ 3. On August 28, 2005, Petitioner reports that he was resentenced. On October 6, 2005, this Court dismissed the instant action as it had become moot by virtue of Petitioner's release from custody. Petitioner then self-surrendered on October 18, 2005 to FMC Devens. Id. at ¶ 5. A motion to reopen was filed on October 18, 2005.

## ARGUMENT

### THE PETITIONER'S MOTION TO SET ASIDE THE OCTOBER 6, 2005, ORDER SHOULD BE DENIED

A.    The October 6, 2005, Order Was Correctly Issued

On October 6, 2005, the Court correctly dismissed Chilingirian's Petition because he was no longer in custody at that time. Title 28, United States Code, Section 2241© expressly provides that the writ of habeas corpus "shall not extend to a prisoner unless - . . . He is in custody . . ." See Carafas v. LaVallee, 391 U.S. 234, 238 (1968). If a prisoner is released from custody after he files a petition, his case becomes moot unless the petitioner can demonstrate "some sufficient collateral consequence of the underlying proceeding." Leitao v. Reno, 311 F.3d 453, 455 (1st Cir. 2002); Spencer v. Kemna, 523 U.S. 1, 7 (1998). A the time of the entry of the October 6, 2005, Order, Chilingirian was not in custody, nor was there an apparent sufficient collateral consequence presented to

the district court.  Accordingly, the district court correctly dismissed the case.

    B.    The Underlying Facts Have Changed

Now that the Petitioner has returned to custody, the Respondent recognizes that Chilingirian's challenge to BOP's GCT calculation is a live issue again.  However, it does not make logical or procedural sense to simply reopen a case that became moot.  The parties briefed the Petitioner's challenge to the BOP's method of GCT calculation on the assumption that Chilingirian would remain in custody until his release.  This did not happen.  Accordingly, the parties' projections of various release dates based on their interpretation of the proper calculation method is of no use to the Court and cannot be relied on to determine Chilingirian's correct release date if the Court elected to proceed in that manner, which it should not for the following reason.

    C.    The Motion to Reopen is Futile

The Petitioner's claims have no merit.  Whether this Court granted the instant motion, or denied the motion and the Petitioner filed a new petition, either proceeding would be pointless.  Specifically, and as the Respondent argued in its opposition to the Petition, on January 7, 2005, the First Circuit addressed the precise legal issue raised by the Petitioner.  In Perez-Olivo v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005), the First Circuit found that "term of imprisonment" was an ambiguous term, but that the BOP's interpretation of that term was both permissible and reasonable.  Section 3624(b)'s requirement that evaluations of GCT take place at the "end of the year" made the BOP's interpretation reasonable.  Id.  Moreover, because a prisoner could only receive credit if

he had complied with institutional disciplinary regulations, the Court found that Congress evidenced a clear intent for the BOP to evaluate a prisoner's conduct during his time spent in prison. Id. Therefore, it was reasonable to infer that time actually be served in order to perform the evaluation. Accord, White v. Scibana, 390 F.3d 997 (7th Cir. 2004); Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270 (9th Cir. 2001). Because the instant Petition raises the same challenges that were dismissed by the First Circuit, the Petitioner's position is without merit.

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests that this Court deny Petitioner's Motion to Set Aside this Court's October 6, 2005, Order.

        Respectfully submitted,

        DEFENDANT DAVID L. WINN,
        WARDEN, FMC DEVENS,

        By his attorney,

        MICHAEL J. SULLIVAN
        United States Attorney
        /s/ Jennifer C. Boal
By:   Jennifer C. Boal
        Assistant U.S. Attorney
        John Joseph Moakley U.S. Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3310

Dated: November 8, 2005

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document were served upon Petitioner Jack C. Chilingirian, Reg. No. 22512-039, FMC Devens Camp, P.O. Box 879, Ayer, MA 01432 by first class, postage prepaid mail on this date.

November 8, 2005                      /s/ Jennifer C. Boal
                                            Jennifer C. Boal