UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACK C. CHILINGIRIAN,

    Petitioner

vs.

DAVID L. WINN, WARDEN,

    Respondent.

_____/

DOCKET NO. 05-cv-10005-RCL

HON. REGINALD C. LINDSAY USDJ

**PETITIONER'S REPLY TO RESPONDENT DAVID L. WINN'S
MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S
MOTION TO SET ASIDE ORDER OF DISMISSAL**

**INTRODUCTION**

Petitioner's Motion to Set Aside this Court's Order of October 17, 2005 dismissing the above captioned case as moot should not be denied since during the period from the commencement of the action, January 3, 2005 until March 24, 2005 he was in custody. From March 24, 2005 until October 17, 2005, although he was on bail, he remained subject to the conditions of the Deaprtment of Justice. His temporary release did not change the facts of the instant case and further the commencement of a new action would be damaging in that such a delay would in fact ultimately moot his claims. In addition, the Petitioner acknowledges that the First Circuit decision in **Perez-Olivo v. Chavez,** 394 F3d 45 (1st Cir. 2005) is binding on this Court. Thus, at the very least, this Court should reinstate the action and grant the Respondent the relief previously requested for dismissal. By this procedure the Petitioner can properly proceed with an appeal of the issue of good time credits being denied to him improperly.

-1-

## STATEMENT OF FACTS

Petitioner does not dispute the factual recitation in Petitioner's Memorandum, with two exceptions. First, his release from custody was as a result of the entry of an Order for Bail awaiting his resentencing hearing as directed by the United States Supreme Court in **Chilingirian v. United States,** Docket No. 04-676, and the order of remand by the 6th Circuit Court of Appeals. Secondly, the Order of Dismissal by this Court occurred on October 17, 2005, not October 6, 2005.

## LEGAL ARGUMENT

THE PETITIONER'S MOTION TO SET ASIDE THE
ORDER OF OCTOBER 17, 2005 SHOULD BE GRANTED

A.   The October 17, 2005 Order Was Incorrectly Issued

The Government attempts to rely upon **Leitao v. Reno**, 311 F3d 453 (1st Cir. 2002) as authority is misplaced in that the First Circuit actually held that an alien's deportation after the filing of a Petition for Writ of Habeas Corpus was not moot. Thus, as in the instant case, even Petitioner's release from custody did not render his petition moot when he was resentenced to the same term of imprisonment which existed at the time of the filing of his original petition. Thus the collateral consequence requirements enunciated by the Supreme Court in **Spencer v. Kenma**, 623 US 1 (1998) has been satisfied.

Moreover, this Court had before it, prior to Petitioner's release a proper Motion to Dismiss which could have been decided on its merits as opposed to the procedural action taken by the Court of ordering dismissal because of the case being moot.

B.   The Underlying Facts Have **Not** Changed

The issue of Petitomer's Good Time Credits was always a live issue. Unless the sentence had been reduced the matter would then have been moot because the issue of good time credits would have resulted in a calculation which would not have affected Petitioner's sentence. The statement made by the Government that "it does not make logical or procedural sense to simply reopen a case that became moot" itself makes no sense and is eminently unfair to the Petitioner. The only thing which has changed is that the release date has been extended for the period of time that Petitioner remained free on bail. The issue of the projection of his release date has nothing to do with the facts relating to his good time credits. In point of fact his good time calculations have remained the same as evidenced by **EXHIBIT "1" ATTACHED.** Petitioner will remain in custody until his release. This Court should act on the facts and legal authority presented in the Motion to Dismiss and the Response previously filed by the parties.

C.   The Motion to Reopen is **Not** Futile

The Government's claim that his claims have no merit are self-serving. However, Petitioner has acknowledged that this Court is bound by the authority of **Perez-Olivo v. Chavez**. While it is accurate to state that the Court should dismiss the Petition, it should be done on the merits of the pleadings filed, not on the basis of an Order of Dismissal for mootness.

The Petitioner has the right for the Court to act on his claims. He has the further right to have the case proceed for review by the First Circuit.

## CONCLUSION

For the reasons recited above, the Petitioner respectfully requests that the Motion to Reopen the above entitled case and set aside the Order of Dismissal based on the matter being moot be granted.

RESPECTFULLY SUBMITTED,

_____
JACK C. CHILINGIRIAN
22512-039 UNIT I (CAMP)
FEDERAL MEDICAL CENTER DEVENS
P.O. BOX 879
DATED: NOVEMBER 15, 2005        AYER, MA. 01432

## CERTIFICATE OF SERVICE

The undersigned Petitioner, JACK C. CHILINGIRIAN hereby certifies that on the 15th day of November, 2005, he placed the PETITIONER'S REPLY TO RESPONDENT DAVID L. WINN'S MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S MOTION TO SET ASIDE ORDER OF DISMISSAL in the mail box located at the Federal Medical Center (Camp Devens) in an envelope sent first-class mail with postage pre-paid addressed to: JENNIFER C. BOAL, AUSA 1 COURTHOUSE WAY SUITE 9200 BOSTON, MASSACHUSETTS 02210.

_____
JACK C. CHILINGIRIAN
22512-039 UNIT I (CAMP)
FEDERAL MEDICAL CENTER DEVENS
P.O. BOX 879
DATED: NOVEMBER 15, 2005        AYER, MA. 01432

-4-

```
DEVA8  540*23 *           SENTENCE MONITORING           *    11-10-2005
PAGE 002 OF 002 *          COMPUTATION DATA             *    18:45:47
                            AS OF 11-10-2005

REGNO..: 22512-039 NAME: CHILINGIRIAN, JACK


------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-18-2005 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-17-2000
TOTAL TERM IN EFFECT............:    87 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     7 YEARS      3 MONTHS
EARLIEST DATE OF OFFENSE........: 10-31-1996

JAIL CREDIT.....................:    FROM DATE       THRU DATE
                                     04-23-1997      04-23-1997

INOPERATIVE TIME.........: REASON    FROM DATE       THRU DATE
                           OTHER     03-25-2005      10-16-2005

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 206
TOTAL GCT EARNED AND PROJECTED..: 341
TOTAL GCT EARNED................: 270
STATUTORY RELEASE DATE PROJECTED: 12-01-2006
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 11-07-2007


PROJECTED SATISFACTION DATE.....: 12-01-2006
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: V/S TO FPC MCKEAN ON 01-17-2000.
                REC'D COURT ORDER 3-24-05 TO RELEASE ON PERSONAL RECOGNIZANCE
                FOR PROCEEDINGS BASED ON U.S. V. BOOKER
                V/S TO F.M.C. DEVENS ON 10-17-05 WITH J&C UPHELD.




S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

Exhibit "1"